375 S.E.2d 791

**CAPITOL CITY LODGE NO. 74, FOP**

v.

**CITY OF CHARLESTON.**

**GOLD STAR LODGE NO. 65, FOP**

v.

**CITY OF HUNTINGTON, et al.**

No. 18330.

Supreme Court of Appeals of West Virginia.

Dec. 1, 1988.

John N. Charnock, Jr., Charleston, for City of Charleston.

Scott A. Damron, Huntington, for City of Huntington.

Robin J. Davis, James F. Wallington, Hostler & Segal, Charleston, for Capitol City Lodge 74.

John F. Cyrus, Gardner and Cyrus, David Lockwood, Lockwood and Egnor, Huntington, for Gold Star Lodge 65.

MILLER, Justice:

This is a consolidated appeal by the Cities of Charleston and Huntington from two circuit court orders declaring certain days to be legal holidays, and granting members of the Charleston and Huntington police departments holiday pay for working on those days.

On December 18, 1986, the Honorable Arch A. Moore, Jr., Governor of the State of West Virginia, issued a memorandum pursuant to W.Va.Code, 2–2–1 (1980),[1] to "all department heads" granting all State employees, except Alcohol Beverage Control Commission store employees, additional holidays as follows: Wednesday, December 24, 1986, beginning at 12:00 noon; Friday, December 26, 1986; and December 31, 1986, beginning at 12:00 noon.[2]

---

1. W.Va.Code, 2–2–1 (1980), in pertinent part, provides: "The following days shall be regarded, treated and observed as legal holidays, viz: ... and all days which may be appointed or recommended by the governor of this state, or the president of the United States, as days of thanksgiving, or for the general cessation of business[.]"

2. The memorandum stated:
"In the spirit of the Christmas season, and in accordance with the provisions of Chapter 2, Article 2, Section 1 of the Code of West Virginia, as amended, I hereby declare

Wednesday, December 24, 1986, beginning at 12:00 noon, Thursday, December 25 and Friday, December 26, 1986, holidays for State employees except those employed in the Alcohol Beverage Control Commission stores, who will observe only the December 25 date.

"In addition, Wednesday, December 31, 1985, beginning at 12:00 noon, and Thursday, January 1, 1987, shall be observed as holidays by all State employees except those employed in the Alcohol Beverage Control Commission stores, who will observe only the January 1 date.

The Gold Star Lodge No. 65, Fraternal Order of Police, Huntington, filed a declaratory action against the City of Huntington requesting the Circuit Court of Cabell County to declare the days listed in the Governor's memorandum as holidays for the Huntington police officers. They requested compensation pursuant to W.Va. Code, 8–14–2a.[3] The circuit court granted Gold Star's motion for summary judgment relying on *Pullano v. City of Bluefield*, 176 W.Va. 198, 342 S.E.2d 164 (1986).

In a separate action, the Capitol City Lodge No. 74, Fraternal Order of Police, Charleston, filed a declaratory action against the City of Charleston in the Circuit Court of Kanawha County requesting compensation for the holidays declared in the Governor's memorandum. They also requested an additional holiday, declared in a memorandum dated November 10, 1986, by the Honorable James E. Roark, Mayor of the City of Charleston.[4] The Circuit Court of Kanawha County granted Capitol City all of the relief requested and attorney's fees.

Both cities appealed arguing that the circuit courts' decisions were contrary to our holding in *Pullano* in that the Governor did not intend to recommend a day of thanksgiving or general cessation of business under W.Va.Code, 2–2–1.

In *Pullano*, the Honorable John D. Rockefeller, IV, then Governor, issued a memorandum to "all spending units" directing the release of all employees, except those required for necessary business, on the day after Thanksgiving to enable them to fully enjoy the Thanksgiving holiday. The City of Bluefield's police officers and firefighters claimed holiday pay under W.Va.Code, 8–14–2a, and W.Va.Code, 8–15–10a, arguing that the Governor's memorandum created a legal holiday within the meaning of W.Va.Code, 2–2–1 (1980). We concluded that when a governor intends to appoint or recommend an additional legal holiday pursuant to W.Va.Code, 2–2–1, such intent must be made clear in the order or proclamation.

To determine the governor's intent to declare an additional legal holiday, we considered two items in *Pullano*: (1) whether the governor's proclamation or memorandum cited the statute as the authority for his actions, and (2) whether from a consideration of the entire document the governor intended to recommend a day of thanksgiving or for the general cessation of business for all the citizens in the State. We concluded that "[a]bsent this clear intent by a governor to appoint or recommend an additional legal holiday pursuant to W.Va.Code, 2–2–1, [for all citizens,] no legal holiday is created when he simply recommends that State employees be given all or part of a day off." 176 W.Va. at 204–205, 342 S.E.2d at 170. This was summarized in Syllabus Point 2 of *Pullano*:

"When a governor intends to appoint or recommend an additional legal holiday

---

"In consideration of the reference made to the employees of the Alcohol Beverage Control Commission, it is specifically directed that the two days for which they have been excluded be given to them at their most convenient time."

3. W.Va.Code, 8–14–2a, provides:

"From the effective date of this section [June 6, 1976], if any municipal police officer is required to work during a legal holiday as is specified in section one [§ 2–2–1], article two, chapter two of this Code, or if a legal holiday falls on the police officer's regular scheduled day off, he shall be allowed equal time off at such time as may be approved by the chief of police under whom he serves, or in the alternative, shall be paid at a rate not less than one and one-half times his regular rate of pay."

4. Mayor Roark's memorandum stated:

"Please inform your employees that, in consideration of the upcoming holiday season, municipal offices will be staffed at reduced levels on Friday, November 28, 1986 and Friday, December 26, 1986.

"As in years past, please arrange with your staff to provide basic services in your respective departments on both days. One-half (½) of your staff should work the day following Thanksgiving, and receive off the day following Christmas.

"City offices will be closed on both Thanksgiving and Christmas Days.

"Should you have any questions, please contact this office."

applicable to all the citizens in this State pursuant to W.Va.Code, 2–2–1, he must make such intent clear in the order or proclamation by either citing W.Va.Code, 2–2–1, or by using the applicable language of W.Va.Code, 2–2–1."

 In this case, the police officers argue that because Governor Moore cited W.Va.Code, 2–2–1, in his memorandum, a legal holiday was thereby created. However, the mere citation of this authorizing statute will not convert a holiday for State employees into a legal holiday, when such is contrary to the governor's intention as reflected in the language of the memorandum when read in its entirety. In the present case, except for the inclusion of the statutory citation, there is no significant difference between Governor Moore's memorandum and the one in *Pullano*, 176 W.Va. at 203, 342 S.E.2d at 169. The memorandum in this case was directed to department heads of State government and declared the specified dates as "holidays for State employees."

We conclude, therefore, that Governor Moore was not exercising his authority under W.Va.Code, 2–2–1, to appoint or recommend additional legal holidays for all citizens when he recommended only that designated State employees be given additional days off.

 The Capitol City Lodge also claimed a holiday based upon a memorandum from Mayor Roark to all department heads granting an additional day off in 1986.[5] The Mayor granted this day based on his authority under the Charleston City Code.[6]

Initially, we observe that the Mayor's memorandum did not state that he was declaring an extra holiday. No reference was made in the memorandum to the City's holiday ordinance. This was a point that we found to be critical in *Pullano*. Fur-

thermore, it is clear that he was directing staffing at a reduced level, i.e., one-half of the normal work force, rather than directing a general holiday for everyone. We, therefore, conclude that the Circuit Court of Kanawha County erred in holding that the Mayor's memorandum created additional holidays.

It does appear, however, that the police department was not given any time off under the mayor's memorandum, as were the other city employees. Consequently, the involved police officers would be entitled to one day's regular compensation. To the extent that the circuit court's order covers such regular compensation, it is affirmed.

For the foregoing reasons, we affirm, in part, and reverse, in part, the judgment of the Circuit Court of Kanawha County, and reverse the judgment of the Circuit Court of Cabell County.

AFFIRMED, IN PART, AND REVERSED, IN PART.

---

**5.** *See* note 4, *supra.*

**6.** The mayor's authority to grant additional holidays as it relates to police officers is contained in the Charleston City Code, Part II, Chapter 22, Article II, Section 22–12 (1976):

"The following days shall be regarded, treated and observed as legal holidays: ... and all days which may be appointed or *recommended by the mayor of this city,* the governor of this state, or the President of the United

States, as days of thanksgiving, or for the general cessation of business. When any of such days or dates falls on Sunday, then the succeeding Monday shall be regarded, treated and observed as such legal holiday." (Emphasis added).

No claim is advanced by the City of Charleston that such an ordinance is invalid, or that the language of W.Va.Code, 8–14–2a (*see* note 3, *supra*), limits overtime pay to those holidays created by W.Va.Code, 2–2–1. Consequently, we do not address these issues.