502 S.E.2d 182

**Thomas MITCHELL, Plaintiff below, Appellee,**

v.

**The CITY OF WHEELING, a West Virginia Municipal Corporation, Defendant below, Appellant.**

**No. 24155.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 13, 1998.

Decided March 12, 1998.

Ronald M. Musser, Rosemary Humway–Warmuth, Office of the City Solicitor, Wheeling, for Appellant.

Stephen D. Herndon, Wheeling, for Appellee.

STARCHER, Justice:

The City of Wheeling, the appellant, appeals a decision of the Circuit Court of Ohio County holding that the President of the United States William J. Clinton's Proclamation No. 6677 and Executive Order 12910, commemorating the death of former President Richard M. Nixon, established a legal holiday within the State of West Virginia. Thomas Mitchell, the plaintiff below and appellee, a police officer employed with the City of Wheeling, argues that the proclamation and the executive order did establish April 27, 1994 as a legal holiday, and, as such, he and others so situated are entitled to holiday benefits.[1]

We conclude that the circuit court erred in its conclusion and we reverse.

## I.

### Facts and Background

On April 22, 1994, former President Richard M. Nixon passed away and as a mark of respect, President William J. Clinton issued a statement calling on the Nation to mourn.

---

1. In his complaint Mitchell also sought to have November 24, 1995 declared a legal holiday based on a memorandum issued by Governor Gaston Caperton which allowed "state employees to have Friday, November 24, 1995, as an additional day off in observance of the Thanksgiving holiday." During the course of the proceedings below, Mitchell conceded that the day after Thanksgiving was not a holiday within the meaning of W.Va.Code 8–14–2(a) [1985]. This issue is, therefore, not before this Court.

By proclamation on April 22, 1994, the President encouraged the American people to gather in their places of worship to "pay homage to the memory of President Nixon and to seek God's continued blessing on our land." Presidential Proclamation No. 6677, 59 Fed.Reg. 21913 (1994).[2] In this proclamation the President made no reference to a holiday.

The following day, April 23, 1994, President Clinton issued Executive Order 12910 in which he ordered the following:

> Section 1. All executive departments, independent establishments, and other governmental agencies, including their field services, shall be closed on April 27, 1994, as a mark of respect for Richard Milhous Nixon, the thirty-seventh President of the United States. That day shall be considered as falling within the scope of 5 U.S.C. 6103(b), and of all statutes so far as they relate to the compensation and leave of employees of the United States.
>
> Sec. 2. The first sentence of section 1 of this order shall not apply to those offices and installations, or parts thereof, in the Department of State, the Department of Defense, or other departments, independent establishments, and governmental agencies that the heads thereof determine should remain open for reasons of national security or defense or other public reasons.

Executive Order No. 12910, 59 Fed.Reg. 21915 (1994).

On April 3, 1996, Thomas Mitchell, a police officer with the City of Wheeling ("City"), filed suit against the City asserting *inter alia* that April 27, 1994 was a legal holiday and seeking an order from the circuit court providing him an additional day of leave under *W.Va.Code*, 8–14–2a [1976].[3] After filing its answer, the City moved for summary judgment. At the hearing on the motion, the appellee Mitchell tendered a responsive pleading, and the parties stipulated that the matter was ripe for summary judgment.

The circuit court granted summary judgment to Mitchell and found that April 27, 1994 was a holiday and that Mitchell was entitled to holiday compensation. This appeal followed.

## II.

### *Discussion*

The standard of review for summary judgement is *de novo*. Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994).

West Virginia legal holidays are enumerated in *W.Va.Code*, 2–2–1 [1985].[4] This statute also empowers both the governor of our state and the President of the United States to declare additional holidays. Specifically it provides:

> The following days shall be regarded, treated and observed as legal holidays, viz ..., and all days which may be appointed or recommended by the governor of this state, or the president of the United States, as days of thanksgiving, or for the general cessation of business; and when

section one [§ 2–2–1], article two, chapter two of this code, or if a legal holiday falls on the police officer's regular scheduled day off, he shall be allowed equal time off at such time as may be approved by the chief of police under whom he serves, or in the alternative, shall be paid at a rate not less than one and one-half times his regular rate of pay.

**2.** In Proclamation No. 6677, President Clinton announced the death of former President Nixon and then set forth a short biography. The paragraph that is important for this case is as follows:

I do further appoint the day of interment to be a National Day of Mourning throughout the United States. I encourage the American people to assemble on that day in their respective places of worship to pay homage to the memory of President Nixon and to seek God's continued blessing on our land. I invite the people of the world who share our grief to join us in this solemn observance.

**3.** *W.Va.Code*, 8–14–2a [1976] sets forth how a policeman will be compensated if he or she works on a holiday:

[I]f any municipal police officer is required to work during a legal holiday as is specified in

**4.** *W.Va.Code*, 2–2–1 was substantially rewritten by the legislation in 1995. No changes were made that affect this appeal or our holding; however, the 1995 amendment provides that a holiday may be "proclaimed or ordered" rather than "appointed or recommended."

It should be noted that public school holidays are enumerated in *W.Va.Code*, 18A–5–2 [1993].

any of these days or dates falls on a Sunday, then the succeeding Monday shall be regarded, treated, and observed as the legal holiday.

This Court has addressed the steps necessary for our governor to follow in order to declare additional holidays pursuant to *W.Va. Code*, 2–2–1. However, this is the first time we have considered what procedures the President must comply with to create an additional holiday for West Virginia public employee compensation purposes, or for the citizens of West Virginia generally.

■ In *Pullano v. City of Bluefield*, 176 W.Va. 198, 342 S.E.2d 164 (1986), police officers and firefighters in Bluefield argued that certain days [5] enumerated in memoranda by the governor as days off for State employees should be credited to the Bluefield police officers and firefighters as holidays for compensation purposes. We held in *Pullano:*

> When a governor intends to appoint or recommend an additional legal holiday applicable to all the citizens in this State pursuant to W.Va.Code, 2–2–1, he must make such intent clear in the order or proclamation by either citing W.Va.Code, 2–2–1, or by using the applicable language of W.Va.Code, 2–2–1.

*Pullano v. City of Bluefield,* 176 W.Va. 198, 342 S.E.2d 164 (1986).

■ In *Pullano,* we required the governor to either specifically cite *W.Va.Code,* 2–2–1 or the language contained therein to manifest his clear intention to provide a holiday. Further, in *Capitol City Lodge No. 74, FOP v. City of Charleston,* 180 W.Va. 159, 375 S.E.2d 791 (1988), we required the governor to specifically state that the holiday be for all citizens. In *Capitol City Lodge No. 74, FOP,* we said:

> Absent a clear intent by a governor to appoint or recommend an additional legal holiday pursuant to W.Va.Code, 2–2–1, for all citizens, no legal holiday is created when he simply recommends that State employees be given all or part of a day off.

Syllabus Point 1, *Capitol City Lodge No. 74, FOP, supra.*

■ We recognize that we cannot expect the President of the United States to specify our statute section, *W.Va.Code,* 2–2–1, when he wishes to recommend a holiday that would be applicable to the citizens of this State, but it would not be unreasonable to require him to use the applicable language of our statute.

■ We have previously held that no part of a statute is to be treated as meaningless and we must give significance and effect to every section, clause, word or part of a statute as well as to the statute as a whole. *State v. General Daniel Morgan Post No. 548,* 144 W.Va. 137, 107 S.E.2d 353 (1959); *Wilson v. Hix,* 136 W.Va. 59, 65 S.E.2d 717 (1951). Therefore, as the President has been granted the power to create additional holidays in West Virginia by appointing or recommending [6] certain days "as days of thanksgiving or for the general cessation of business," he must be allowed some other mechanism to do so absent specifying *W.Va. Code,* 2–2–1 in his proclamation or order.

The President currently has the power under 5 U.S.C. § 6103(b) [1983] to create holidays for federal employees. The President derives this power from the Constitution of the United States and federal legislation. The President has not been given the authority to announce state holidays through the federal statutes. The only power that has been given to the President to create holidays within West Virginia is through our statute *W.Va.Code,* 2–2–1 [1985], and as amended in 1995.

As the governor is required to meet the tests of *Pullano* and *Capitol City Lodge No. 74, FOP* for declaring a holiday for the citizens of West Virginia pursuant to *W.Va. Code,* 2–2–1, so must the President.

For the President to declare a legal holiday that includes all West Virginians, there must be some language in his order or proclamation that manifests his intent that there is to be a holiday. Here, in Executive Order

---

5. These days included Good Friday, the President's inauguration day, the day following Thanksgiving, and one-half days on Christmas Eve and New Year's Eve.

6. *See supra,* Footnote 4.

No. 12910, by citing 5 U.S.C. § 6103(b), the President did express an intent to declare a holiday, but only for federal employees.

Also, the President must declare that the holiday is to be for all citizens. In Proclamation No. 6677, the President, while incorporating language which encouraged all citizens to "assemble ... in their respective places of worship to pay homage," he used no language which would suggest the creation of a holiday. Had the President intended for April 27, 1994 to have been a holiday for all the citizens of the United States, including West Virginians, he would have had to have expressly said so.

There simply can be no construction of Proclamation No. 6677 and Executive Order No. 12910, considered *in para materia* with *W.Va.Code*, 2–2–1, which would result in April 27, 1994 being a legal holiday for all West Virginians. Had the President intended for April 27, 1994 to have been a holiday for all the citizens of the United States, including West Virginians, he would have had to either cited *W.Va.Code*, 2–2–1, or used applicable language from that statute, and expressly stated that it was to be a holiday for all citizens.

### III.

### *Conclusion*

■ We therefore conclude that for a Presidential order or proclamation to create a legal holiday in West Virginia, as defined in *W.Va.Code*, 2–2–1, the President must make such intent clear in his order or proclamation by either citing clear authority to create a holiday or using the applicable language of *W.Va.Code*, 2–2–1, and by expressing a clear intent that the holiday is to be for all citizens.

Applying our ruling to the case at hand, we find that the President neither used applicable language from *W.Va.Code*, 2–2–1 [1985], nor did he call for a holiday to be extended to all citizens.

Accordingly, the August 3, 1996 order of the circuit court is reversed.

Reversed.