506 S.E.2d 355

**Jo Ellen KARR, Petitioner Below, Appellant,**

v.

**BOARD OF EDUCATION OF JACKSON COUNTY, Respondent Below, Appellee.**

No. 24756.

Supreme Court of Appeals of West Virginia.

Submitted April 29, 1998.

Decided July 13, 1998.

William B. McGinley, Charleston, for Appellant.

Howard E. Seufer, Jr., Kimberly S. Croyle, Bowles Rice McDavid Graff & Love, P.L.L.C., Parkersburg, for Appellee.

PER CURIAM:[1]

The appellant in this proceeding, Jo Ellen Karr, claims that the Circuit Court of Jackson County erred in refusing to issue a writ of mandamus directing the Board of Education of Jackson County to provide her with relief for its improper refusal to place her in a teaching position in the Jackson County schools.[2] She argues that she was the most qualified candidate for the position and that the Board of Education had a legal duty to place her in that position.

I.

FACTUAL BACKGROUND

Stipulations in this case show that the appellant, Jo Ellen Karr, is a professional educator with a master of business education degree. She holds a professional teaching certificate issued by the West Virginia Department of Education and, prior to 1986, she had five and one-half years of teaching experience in business education, four and one-half of which were with the Board of Education of Jackson County. She also had two years and two months of substitute teacher experience.

In July of 1986, a business education teacher at Ravenswood High School in Jackson County was granted a one-year leave of absence by the Board of Education of Jackson County. The appellant, who was then not a full time teacher but a substitute, and two other candidates, Brian Canterbury and Beverly Eisner, applied for the one-year vacancy created by the leave of absence. In July 1986, the superintendent of the Jackson County school system recommended that Brian Canterbury be placed in the vacancy, and, later, the Board of Education accepted that recommendation.

As a consequence of the Board's action, the appellant, who believed she was more qualified than Brian Canterbury, petitioned the Circuit Court of Jackson County for a writ of mandamus to compel the Board of Education of Jackson County to grant her relief for its failure to place her in the position.

After various documents had been filed and the case had been submitted, the circuit court, on April 17, 1997, issued a decision denying the writ of mandamus. The court concluded that the Board of Education had

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley,* 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992).

2. The teaching position in question was a one-year position created when a teacher took a one-year leave of absence in 1986.

considerable discretion in matters related to the assignment of school personnel and that the Board, in hiring Brian Canterbury, had acted within the framework of West Virginia Code § 18A–4–8b(a), which, at the times in issue in the present case, provided, in relevant part:[3]

[A] county board of education shall make decisions affecting promotion and filling of any classroom teacher's position occurring on the basis of qualifications. If the applicant with the most seniority is not selected for the position a written statement of reasons shall be given to the applicant with the most seniority with suggestions for improving the applicant's qualifications.

■ The court also noted that in Syllabus Point 4 of *Dillon v. Board of Education of County of Wyoming*, 177 W.Va. 145, 351 S.E.2d 58 (1986), that:

Mandamus will lie to control a board of education in the exercise of its discretion upon a showing of caprice, passion, partiality, fraud, arbitrary conduct, some ulterior motive, or misapprehension of the law.

In the present case, the circuit court concluded that the appellant had failed to show that the Board of Education of Jackson County had acted with caprice, passion, partiality, fraud, some ulterior motive, or misapprehension of the law and that, as a consequence, she had failed to show a clear legal right to the relief. The court accordingly denied the appellant the relief which she sought.

In the present appeal, the appellant claims that the circuit court erred in failing to find that she had demonstrated a clear legal right to the writ of mandamus which she sought. She also claims that the circuit court erred in failing to find that she was more qualified than Brian Canterbury for the position in question and in failing to place her in that position.

## II.

## STANDARD OF REVIEW

As indicated in *McComas v. Board of Education of Fayette County*, 197 W.Va. 188, 193, 475 S.E.2d 280, 285 (1996):

Our standard of review in mandamus actions was recently stated in *Staten v. Dean*, 195 W.Va. 57, 464 S.E.2d 576 (1995), and in *State ex rel. Cooper v. Caperton*, 196 W.Va. 208, 470 S.E.2d 162 (1996). In Syllabus Point 1 of *Staten, supra*, we found: "The standard of appellate review of a circuit court's order granting relief through the extraordinary writ of mandamus is de novo." However, "[w]e review a circuit court's underlying factual findings under a clearly erroneous standard." *Staten v. Dean*, 195 W.Va. at 62, 464 S.E.2d at 581. This means, as we stated in *Cooper*, that "we consider *de novo* whether the legal prerequisites for mandamus relief are present." 196 W.Va. at 214, 470 S.E.2d at 168. As to other underlying issues, we review either for an abuse of discretion or under a clearly erroneous standard.

## III.

## DISCUSSION

■ In the present case, the Court notes that W.Va.Code § 18A–4–8b(a), as in effect at the time of the filling of the vacancy in question, did not require the placement of a particular individual in a teaching position. Rather, it required that placement be made "on the basis of qualifications."

From the documents filed in the present case, it appears that both the appellant and Brian Canterbury had the certification to teach business education at the grade levels in issue. However, the appellant had a Masters Degree in the particular area of business education. Brian Canterbury had less education in that he had only an A.B. degree, and there is no showing that he had a specialization, such as that of the appellant. Moreover, the appellant had five and one-half years of teaching business education, and Brian Canterbury had no such experience.

It thus appears to this Court that the appellant, from both an educational and an

---

**3.** West Virginia Code § 18A–4–8b(a), has been subsequently amended, but the version set forth is the one in effect in 1986.

experiential perspective, was more qualified to teach business education.

From the documents filed in this case, it appears that the Court and the Board of Education of Jackson County placed great emphasis on the evaluations received by the appellant and Brian Canterbury in determining that Brian Canterbury was the more qualified applicant. A careful examination of those evaluations shows that a number of full-time evaluations were produced for the appellant and that not one was produced for Brian Canterbury. In the absence of comparative evaluations, the appellant's full-time evaluations cannot serve as a practical criterion for determining which of these two candidates was the more qualified.[4] A number of substitute teacher evaluations were produced for both candidates, and Brian Canterbury's were somewhat better than the appellant's.

In examining the facts, this Court observes that the Board of Education of Jackson County filled a teaching position in business education by appointing the candidate who had less education, the candidate who had no marked specialization in business education, and the candidate who had no significant experience in teaching in the business education field. The Board rejected the candidate with the greater education, the candidate who had the specialization in business education, and the candidate who had five and one-half years experience in teaching in the field of business education. Apparently, the Board of Education determined that the substitute teacher evaluations outweighed education, specialization, and experience.

Nine substitute evaluations were introduced for the appellant. These evaluations were made after the appellant had taught as a substitute teacher for periods of less than six days. For all the lengthier periods her ratings were acceptable or excellent. She did have "unacceptable" ratings for two one-half day periods. With respect to one of those half-day periods, the rater observed that the appellant was "placed out of field— had a very difficult time."

In this Court's opinion, it was arbitrary for the Board of Education to ignore the appellant's education, specialization, and experience in this case and to determine that she was less qualified that Brian Canterbury for the position in question on the basis of the substitute teacher evaluations. Where a board of education acts in an arbitrary manner, *Dillon v. Board of Education, supra*, indicates that a writ of mandamus should issue.

In view of the foregoing, this Court concludes that the judgment of the circuit court denying the appellant a writ of mandamus should be reversed and that the circuit court should issue the writ of mandamus. Because the position in issue in this case was a one-year appointment, before issuing the writ of mandamus, the circuit court is instructed conduct a hearing to determine what amount will reasonably compensate the appellant for the Board of Education's failure to place her in that position during that one-year period. A set-off should be made for any wages actually earned by the appellant during the 1986–87 school year. The appellant should also be awarded one additional year of seniority for the 1986–87 school year.

Reversed and remanded with directions.

---

4. Although the full-time evaluations of the appellant contained suggestions as to how she might improve her performance, overall they were satisfactory. Typical of the suggestions were that she needed more involvement with "extra curricular activities" and that she needed to show greater "love for the profession."