575 S.E.2d 250

### The BOARD OF EDUCATION OF THE COUNTY OF MARSHALL, Petitioner Below, Appellee

*v.*

### David N. GAUDINO, Respondent Below, Appellant,

### William Stoehr, Intervenor Below, Appellee

### No. 30363.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 6, 2002.

Decided Nov. 27, 2002.

Dissenting Opinion of Justice Starcher Dec. 10, 2002.

Gregory A. Gaudino, Esq., Petroplus & Gaudino, Wheeling, West Virginia, Attorney for Appellant David N. Gaudino.

Gregory W. Bailey, Esq., Howard E. Seufer, Jr., Esq., Bowles Rice McDavid Graff & Love, Charleston, West Virginia, Attorneys for Appellee, The Board of Education of the County of Marshall.

William B. McGinley, Esq., West Virginia Education Association, Charleston, West Virginia, Attorney for Intervenor and Appellee William H. Stoehr.

PER CURIAM:

This case is before this Court upon the appeal of the appellant, David N. Gaudino, from the final order of the Circuit Court of Kanawha County entered on July 12, 2001. Pursuant to that order, the Circuit Court reversed a Level IV decision of the West Virginia Education and State Employees Grievance Board and upheld the determination of the appellee, The Board of Education of the County of Marshall, that William H. Stoehr, rather than the appellant, is entitled to the position of guidance counselor at John Marshall High School in Marshall County.

This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel. For the reasons stated below, this Court is of the opinion that the Circuit Court and the Board of Education misapplied the statutory criteria set forth in *W.Va.Code*, 18A–4–7a (1993), applicable to the filling of the guidance counselor position. Therefore, the final order of the Circuit Court is reversed, and this case is remanded to that Court for the entry of an order directing that appellant Gaudino be instated as guidance counselor at John Marshall High School with back pay and other relevant benefits.

I.

FACTUAL BACKGROUND

The facts are largely undisputed. In November 1999, The Board of Education of the County of Marshall posted a notice of vacancy in the position of guidance counselor at John Marshall High School. As stated in the notice, the minimum qualifications for the job included a master's degree and a West Virginia counselor certification "endorsed to serve as a counselor at grade levels commensurate with assignment." Among the applicants for the position were appellant Gaudino and William H. Stoehr. The appellant had been employed by the Board for 23 years as a classroom teacher. Stoehr had been employed by the Board for 14 years which included 10 years as an elementary school guidance counselor and 4 years as a classroom teacher. Both had received satisfactory job evaluations.

Appellant Gaudino and Stoehr each possessed a master's degree in counseling. The appellant, in addition, had a doctorate degree in education from West Virginia University with 12 credit hours in counseling at that level. Although neither the appellant nor Stoehr had ever been employed as a high

school guidance counselor, both held a West Virginia counselor certification for grade levels 5 through 12. Stoehr's certification included the additional grade levels K through 8. Both applicants asserted that, through their respective careers as employees of the Marshall County Board, they gained experience relevant to counseling at the high school level.

As foretold in the notice, the Board utilized the criteria set forth in *W.Va.Code*, 18A–4–7a (1993), in selecting the successful applicant for the position of guidance counselor at John Marshall High School. The criteria applied to the filling of classroom teaching positions which, by definition, included "counseling" positions. *W.Va.Code*, 18A–1–1 (1997). As the parties agree, the criteria included:

> Appropriate certification and / or licensure; total amount of teaching experience; the existence of teaching experience in the required certification area; degree level in the required certification area; specialized training directly related to the performance of the job as stated in the job description; receiving an overall rating of satisfactory in evaluations over the previous two years; and seniority.

Pursuant to *W.Va.Code*, 18A–4–7a (1993), each criterion is entitled to equal weight in the Board's selection.

The Marshall County Board determined that appellant Gaudino and Stoehr were tied as to the criteria relating to certification, degree level and evaluations. Specifically, with regard to degree level, the Board concluded that the appellant's doctorate degree in education and 12 credit hours in counseling would not be taken into account because *W.Va.Code*, 18A–4–7a (1993), provided that only the "degree level in the required certification area" would be considered. The appellant's highest degree level in the certification area in question, as was Stoehr's, was a master's degree in counseling. Therefore, the two applicants were tied as to that criterion. In addition, the Board determined that the criterion relating to "specialized training" did not apply since the notice of November 1999 failed to describe any such training specific to the guidance counselor position.

Consequently, the selection by the Marshall County Board turned upon the remaining three criteria: total amount of teaching experience, the existence of teaching experience in the required certification area and seniority. As the parties do not dispute, appellant Gaudino prevailed as to total amount of teaching experience in view of his 23 years as a classroom teacher employed by the Board. On the other hand, the Board of Education determined that, because of his employment as an elementary school guidance counselor, William H. Stoehr prevailed with regard to teaching experience in the required certification area. The criterion concerning seniority, therefore, became the deciding factor.

In selecting Stoehr for the guidance counselor position at John Marshall High School, the Marshall County Board determined that, as between the appellant and Stoehr, seniority, as a criterion under *W.Va.Code*, 18A–4–7a (1993), concerned employment in counseling, rather than overall employment by the Board. Thus, Stoehr prevailed because he had been an elementary school counselor in Marshall County schools, whereas the appellant had been employed by the Board as a classroom teacher.

Stoehr was officially selected by the Board on December 14, 1999, and began serving as guidance counselor at John Marshall High School during the 1999–2000 academic year.

## II.

### PROCEDURAL BACKGROUND

In January 2000, appellant Gaudino filed a grievance pursuant to *W.Va.Code*, 18–29–1 (1992), *et seq.*, concerning his non-selection for the guidance counselor position. Evidentiary hearings were conducted, and the grievance ultimately came before a Level IV hearing examiner of the West Virginia Education and State Employees Grievance Board for decision. On July 26, 2000, the hearing examiner granted the appellant's grievance and directed the Marshall County Board to instate the appellant as guidance counselor at John Marshall High School with back pay and other relevant benefits. Stoehr, thus, lost the position, and the appellant began

working as a guidance counselor during the 2000–2001 academic year.

The deciding factor in the Level IV decision, as was the case in the decision of the Marshall County Board, was seniority. Contrary to the determination of the Board, however, the hearing examiner was of the opinion that, under *W.Va.Code*, 18A–4–7a (1993), seniority, in the context of this case, related to overall employment by the Board, rather than to just employment in counseling. Therefore, in view of appellant Gaudino's 23 years with the Board, compared to Stoehr's 14 years, the appellant prevailed upon the criterion of seniority. Combining seniority with the appellant's "total amount of teaching experience" placed him ahead of Stoehr with regard to the criteria set forth in *W.Va.Code*, 18A–4–7a (1993).

Upon appeal, the Circuit Court of Kanawha County, pursuant to a final order entered on July 12, 2001, reversed and restored Stoehr to the position of guidance counselor at John Marshall High School. The case again turned upon the issue of seniority. In ruling in favor of the Marshall County Board, the Circuit Court noted that *W.Va.Code*, 18A–4–7a (1993), contains language, in addition to the criteria set forth above, indicating that guidance counselors employed by a county board of education acquire seniority in a manner separate from the seniority of classroom teachers. As *W.Va.Code*, 18A–4–7a (1993), states:

> Guidance counselors and all other professional employees, as defined in section one, article one of this chapter, except classroom teachers, shall gain seniority in their nonteaching area of professional employment on the basis of the length of time the employee has been employed by the county board of education in that area [.]

According to the Circuit Court, that language modifies the criterion of "seniority" set forth in *W.Va.Code*, 18A–4–7a (1993), to the effect that guidance counselors earn a type of special seniority which should be considered "in the context of evaluating the qualifications of candidates for guidance counselor positions." Thus, Stoehr would have more seniority than appellant Gaudino with respect to the position at John Marshall High School

since Stoehr had been employed by the Board as an elementary school guidance counselor, and the appellant had only been a classroom teacher.

Appellant Gaudino appeals to this Court from the July 12, 2001, ruling of the Circuit Court.

## III.

### STANDARD OF REVIEW

■ As stated above, appellant Gaudino initiated grievance proceedings pursuant to *W.Va.Code*, 18–29–1 (1992), *et seq.* The proceedings resulted in a Level IV decision. Pursuant to *W.Va.Code*, 18–29–7 (1985), circuit court review of such a decision concerns whether the decision:

> (1) was contrary to law or lawfully adopted rule, regulation or written policy of the chief administrator or governing board, (2) exceeded the hearing examiner's statutory authority, (3) was the result of fraud or deceit, (4) was clearly wrong in view of the reliable, probative and substantial evidence on the whole record or (5) was arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

*See, Parker v. Summers County Board of Education*, 185 W.Va. 313, 316, 406 S.E.2d 744, 747 (1991), stating that circuit court review of a hearing examiner's decision in a grievance case is set forth in *W.Va.Code*, 18–29–7 (1985). The decision of the circuit court is, in turn, reviewed by this Court under the same standard as that by which the circuit court reviewed the decision of the hearing examiner. *Baker v. Board of Education, County of Hancock*, 207 W.Va. 513, 516, 534 S.E.2d 378, 381 (2000); *Martin v. Randolph County Board of Education*, 195 W.Va. 297, 304, 465 S.E.2d 399, 406 (1995).

■ In syllabus point 1 of *Cahill v. Mercer County Board of Education*, 208 W.Va. 177, 539 S.E.2d 437 (2000), this Court held:

> Grievance rulings involve a combination of both deferential and plenary review. Since a reviewing court is obligated to give deference to factual findings rendered by an administrative law judge, a circuit court

is not permitted to substitute its judgment for that of the hearing examiner with regard to factual determinations. Credibility determinations made by an administrative law judge are similarly entitled to deference. Plenary review is conducted as to the conclusions of law and application of law to the facts, which are reviewed *de novo*.

Syl. pt. 2, *Crock v. Harrison County Board of Education*, 211 W.Va. 40, 560 S.E.2d 515 (2002).

■ As stated above, the facts in this case are largely undisputed. Therefore, the review is *de novo*. In that regard, this Court specifically held in syllabus point 1 of *Cowen v. Harrison County Board of Education*, 195 W.Va. 377, 465 S.E.2d 648 (1995), that "[n]o deference is given to conclusions of law of an administrative law judge or a circuit court, so that the standard of judicial review by this Court is *de novo*." *See also, Hazelwood v. Mercer County Board of Education*, 200 W.Va. 205, 207, 488 S.E.2d 480, 482 (1997), and *Bolyard v. Kanawha County Board of Education*, 194 W.Va. 134, 136, 459 S.E.2d 411, 413 (1995).

### IV.

### DISCUSSION

Unfortunately, the provisions of *W.Va. Code*, 18A–4–7a (1993), and related statutes, concerning the manner by which seniority is acquired by guidance counselors and classroom teachers, are inartfully drafted and confusing. Under *W.Va.Code*, 18A–4–7a (1993), guidance counselors are distinguished from classroom teachers with regard to the acquisition of seniority; yet guidance counselors and classroom teachers are defined as virtually synonymous in *W.Va.Code*, 18A–1–1 (1997). Pursuant to *W.Va.Code*, 18A–1–1 (1997), a classroom teacher is a professional educator who has met the certification or licensing requirements of this State and who has a "direct instructional or counseling relationship with pupils, spending the majority of his time in this capacity." Guidance counselors are not separately defined.

In fact, the statute under consideration, *W.Va.Code*, 18A–4–7a (1993), which attempts to distinguish guidance counselors from classroom teachers with regard to the acquisition of seniority, nevertheless expressly refers to the above statutory definition. As *W.Va.Code*, 18A–4–7a (1993), states:

Guidance counselors and all other professional employees, *as defined in section one, article one of this chapter*, except classroom teachers, shall gain seniority in their nonteaching area of professional employment on the basis of the length of time the employee has been employed by the county board of education in that area [.] (emphasis added)

In view of that apparent inconsistency concerning seniority, the meaning of the criterion "teaching experience in the required certification area," is also brought into question. An interpretation of "teaching" experience as including "counseling," as those terms are defined in *W.Va.Code*, 18A–1–1 (1997), would arguably favor Stoehr who had counseling, i.e., "teaching," experience at the elementary school level. However, if counseling is determined to be a "nonteaching area of professional employment" as mentioned in *W.Va. Code*, 18A–4–7a (1993), then Stoehr's "teaching experience in the required certification area," as a criterion under *W.Va.Code*, 18A–4–7a (1993), becomes questionable.

■ Although *W.Va.Code*, 18A–4–7a (1993), is in need of clarification by the West Virginia Legislature, this Court must consider that statute as written for purposes of this appeal. In syllabus point 3 of *Meadows v. Wal–Mart Stores*, 207 W.Va. 203, 530 S.E.2d 676 (1999), this Court recognized: "A cardinal rule of statutory construction is that significance and effect must, if possible, be given to every section, clause, word or part of the statute." *See also, Mitchell v. City of Wheeling*, 202 W.Va. 85, 88, 502 S.E.2d 182, 185 (1998); *Wilson v. Hix*, 136 W.Va. 59, 68, 65 S.E.2d 717, 723 (1951).

Here, the Marshall County Board determined that Stoehr prevailed under the statutory criteria concerning the existence of teaching experience in the required certification area and seniority. However, Stoehr had never been a guidance counselor at the high school level, notwithstanding the fact

that both he and appellant Gaudino held a West Virginia counselor certification for grade levels 5 through 12 and even though both he and appellant Gaudino asserted that, through their respective careers as employees of the Marshall County Board, they gained experience relevant to counseling at the high school level.

In that regard, Stoehr's employment as a counselor at the elementary school level is somewhat deprived of significance with respect to the position at John Marshall High School by the fact that his counseling certificate, on its face, provides that he is certified at grade levels K through 8, and *separately* for grade levels 5 through 12. That grade level distinction was mirrored in the Board of Education's posted notice of November 1999 which stated that one of the minimum qualifications for the guidance counselor position at John Marshall High School was a West Virginia certification "endorsed to serve as a counselor at grade levels commensurate with assignment." That such a distinction between grade level certifications is significant, rather than artificial, was evidenced, in this case, by the testimony of Dr. Luise Savage before the Level IV hearing examiner. Dr. Savage, who held a doctorate in special education and who had been a high school guidance counselor, indicated that, although there are some common areas, there is a recognizable difference between elementary school guidance counselors and high school guidance counselors with regard to services provided to students. *See, Karr v. Board of Education of Jackson County,* 203 W.Va. 100, 506 S.E.2d 355 (1998), wherein this Court acknowledged grade level certification by noting that both of the parties contesting the filling of a teaching position had the certification to teach "at the grade levels in issue." 203 W.Va. at 102, 506 S.E.2d at 357.

■ Accordingly, this Court is of the opinion that, although Stoehr acquired both experience and seniority in guidance counseling at the elementary school level, neither of those matters is dispositive of the statutory criteria "teaching experience in the required certification area" and "seniority" concerning the filling of the guidance counselor position at John Marshall High School. Nor would appellant Gaudino, whose 23 years with the Marshall County Board were devoted to classroom teaching, prevail upon those two criteria.

This conclusion, that neither applicant prevails upon those two criteria, is not based entirely upon the fact that guidance counseling at the elementary school and high school levels are expressly differentiated upon the face of Stoehr's certification, although that fact is an important consideration. The result herein is also mandated by a construction of *W.Va.Code,* 18A–4–7a (1993), which gives the provisions of that statute the fullest effect. Syl. pt. 3, *Meadows v. Wal–Mart Stores, supra.*

Specifically, the definitions found in *W.Va. Code,* 18A–1–1 (1997), notwithstanding, *W.Va.Code,* 18A–4–7a (1993), separates guidance counselors from classroom teachers and provides guidance counselors with seniority "in their nonteaching area" for the length of time they have been "employed" in that area. As indicated above, guidance counseling experience and seniority acquired by working at a particular certified grade level, does not infuse that person with experience and seniority when applying for a guidance counselor position at a separately certified grade level. In other words, Stoehr acquired experience and seniority pursuant to *W.Va.Code,* 18A–4–7a (1993), as an elementary school guidance counselor but did not thereby acquire experience and seniority in the area of high school guidance counseling as to which he was never employed.

This Court notes, however, that this reasoning would not apply, in turn, to classroom teachers. Under *W.Va.Code,* 18A–4–7a (1993), classroom teachers are granted seniority based upon the length of time they have been employed as professional educators, and their seniority "shall be granted in all areas that the employee is certified [.]" Thus, seniority is more broadly granted in the case of classroom teachers under *W.Va. Code,* 18A–4–7a (1993), than in the case of guidance counselors.

Consequently, appellant Gaudino and Stoehr are tied upon six of the seven criteria listed in *W.Va.Code,* 18A–4–7a (1993): appropriate certification; the existence of teaching experience in the required certification area; degree level; specialized training; satisfactory evaluations; and seniority. However, inasmuch as appellant Gaudino unquestionably prevails upon the remaining criterion, "total amount of teaching experience," he is entitled to the position. Hopefully, the West Virginia Legislature will revisit this area of the law and clarify the relevant statutory provisions.

## V.

## CONCLUSION

For the reasons stated above, the final order of the Circuit Court of Kanawha County entered on July 12, 2001, is reversed, and this case is remanded to that Court for the entry of an order directing that the appellant, David N. Gaudino, be instated as guidance counselor at John Marshall High School with back pay and other relevant benefits.

Reversed and remanded.

STARCHER, Justice, dissenting:

(Filed Dec. 10, 2002)

This is a very narrow *per curiam* opinion, and hopefully it will apply to only a handful of cases where completely different "guidance counselor" seniority is in fact earned in radically different environments. Because I think the statute and rules are clear in mandating that all such seniority be considered alike, I dissent and would affirm the circuit court's order.