# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Juanita Nicole McCormick,**
**Plaintiff Below, Petitioner**

**vs.)  No. 20-0890** (Greenbrier County 2020-P-23)

**Board of Education of Greenbrier County,**
**Defendant Below, Respondent**


## MEMORANDUM DECISION


Petitioner Juanita Nicole McCormick, by counsel William S. Winfrey II, appeals the Circuit Court of Greenbrier County's October 8, 2020, order dismissing her petition for a writ of mandamus seeking to compel respondent to award her a specific teaching position. Respondent Board of Education of Greenbrier County, by counsel Jacob A. Manning and Jason S. Long, filed a response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner filed a petition for a writ of mandamus seeking to compel respondent to hire her for a posted full-time music teacher position at Ronceverte Elementary School. Petitioner alleged that the position was posted, for the eighth time, on December 12, 2019; that she applied on December 16, 2019; that only one other applicant, a substitute teacher, applied for the position; and that on January 14, 2020, the other applicant, who petitioner further alleged was unqualified, was hired for the position. Petitioner asserted that she, in contrast, did meet the posting requirements, so she claimed that she should have been awarded the position. Petitioner also set forth, however, that she was employed by the Mercer County Board of Education when the subject position was posted. Petitioner alleged that the Mercer County Board of Education did not refuse to release petitioner; instead, it "stated that [p]etitioner would be released when her position was filled."

Respondent responded to and moved to dismiss petitioner's petition. Respondent acknowledged that petitioner was qualified for the position but stated that she was not able to assume the job because she was under contract with the Mercer County Board of Education and

1

unable to be released from that contract under West Virginia Code § 18A-2-2.[1] So, respondent argued, petitioner had no clear legal right to the position. Respondent further argued that it had no clear legal duty to award the position to an applicant who could not assume the position when needed or to hold the position open for her until she would become available.

The court granted respondent's motion to dismiss by order entered October 8, 2020. Because petitioner was not employed by respondent, the court noted that petitioner could not initiate a grievance with the West Virginia Public Employees Grievance Board and, therefore, had no other adequate means to obtain the desired relief. But the court found that the fact that petitioner was under contract with the Mercer County Board of Education and unable to be released from that contract compelled findings that she did not have a clear legal right to the relief sought and that respondent did not have a clear legal duty to award her the position. Petitioner admitted that she was unable to assume the job when required, and the court found that respondent was not mandated by law to hold the position open for her until she became available. Further, the court stated that it could not "find that the [r]espondent abused its discretion, absent a clear statutory right/provision indicating otherwise, in determining that the [p]etitioner was not a qualified applicant, given she was unable to be employed and begin work, and instead filled the position with an applicant that was able to begin the assignment." The court concluded: "Mandamus simply is inappropriate and unavailable to [p]etitioner in the circumstances alleged and taken as factual." This appeal followed.

In our de novo review of the circuit court's order granting respondent's motion to dismiss, we find no error. *See* Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W. Va. 770, 461 S.E.2d 516 (1995). "Mandamus will lie to control a board of education in the exercise of its discretion upon a showing of caprice, passion, partiality, fraud, arbitrary conduct, some ulterior motive, or misapprehension of the law." Syl., *Karr v. Bd. of Educ. of Jackson Cty.*, 203 W. Va. 100, 506 S.E.2d 355 (1998). And to establish entitlement to mandamus relief—"a drastic remedy to be invoked only in extraordinary situations"—one must demonstrate that

> (1) there are no other adequate means for the party to obtain the desired relief; (2) the party has a clear and indisputable right to the issuance of the writ; and (3) there is a legal duty on the part of the respondent to do that which the petitioner seeks to compel.

*McComas v. Bd. of Educ. of Fayette Cty.*, 197 W. Va. 188, 192-93, 475 S.E.2d 280, 284-85 (1996) (citation omitted). The parties acknowledge that there are no other adequate means for petitioner to obtain the relief sought. Thus, we need only to focus on the second and third required showings, and we find that it is on these two elements that petitioner fails. Petitioner stated in her petition for mandamus relief that she was employed by the Mercer County Board of Education and that it would release her from her contract "when her position was filled," i.e., at some unknown time in the future. In effect, petitioner admitted that she could not assume the job when required, and she

---

[1] West Virginia Code § 18A-2-2, among other things, sets forth the manner in which a teacher's continuing contract may be modified or terminated. Pertinently, the statute provides that "[a] continuing contract may not be terminated except . . . [b]y written resignation of the teacher on or before May 1 to initiate termination of a continuing contract," which "termination shall take effect at the close of the school year in which the contract is terminated." *Id.* § 18A-2-2(c).

2

confirmed that that was the case at the hearing on respondent's motion to dismiss. This acknowledgment was fatal to her petition. Indeed, West Virginia Code § 18A-2-2, which outlines the ways in which a teacher's continuing contract may be modified or terminated, does not allow a teacher to unilaterally effectuate an immediate termination of their continuing contract, and petitioner has identified no authority that would allow her to unilaterally effectuate an immediate termination. *See id.* § 18A-2-2(c). Consequently, petitioner did not and could not allege a clear legal right to a position she was unable to assume when required. She further failed to identify any statute or other legal authority setting forth a clear legal right to having respondent hold the position open for her. Likewise, petitioner did not and could not establish that respondent had a legal duty to award her a position she could not assume or to hold the position open for her.[2]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 25, 2022

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats sitting by temporary assignment

---

[2] At various points in her brief, petitioner contends that the court granted respondent summary judgment. She asserts error in the court's "granting summary judgment to the [r]espondent" and in its "finding there was no genuine issue of material fact in her complaint," and she argues that "there is a genuine issue of material fact that precluded summary judgment to the [r]espondent" and that respondent "did not show a critical, material fact to justify the hire of a person who did not meet the posting and required alternate certification." The circuit court granted respondent's motion to dismiss, however, which motion was predicated on petitioner's inability to demonstrate entitlement to mandamus relief in light of the facts pled in her petition. Other than reiterating her claim that the Mercer County Board of Education representative "stated that the [p]etitioner would be released when her position was filled," petitioner has offered no valid legal counter to the court's conclusions regarding her inability—due to her current employment status—to demonstrate either a clear right to the relief sought or a legal duty on respondent's part to do that which she seeks to compel, and her claims of a genuine issue of material fact are incompatible with the issue actually on appeal.

3