403 S.E.2d 421

**Casey JORDAN**

v.

**ALLSTATE INSURANCE CO., et al.**

**No. 19669.**

Supreme Court of Appeals of West Virginia.

March 14, 1991.

Rehearing Denied April 24, 1991.

Vincent J. King, Charleston, for Casey Jordan.

Christopher P. Bastien, Steptoe & Johnson, Charleston, for Allstate Ins. Co.

B. Karleton Kesner, Goodwin & Goodwin, Charleston, for Richard Alan Tyree and Rita J. Tyree.

NEELY, Justice:

The plaintiff, Casey Jordan, is the minor brother and only sibling of Travis Lee Jordan who was killed in an automobile accident in 1987. Shortly after Travis was killed, his father, Joey Lee Jordan, qualified as administrator of the estate and hired counsel to represent him.

Travis Lee Jordan was killed when an automobile owned by Rita Tyree and operated by Richard Alan Tyree overturned on Martins Branch Road near Charleston, West Virginia. Travis Jordan was a passenger in the Tyree vehicle. Early on, it was determined that the per person liability insurance limit for the Tyree car was $50,000, and Allstate Insurance Company, the insurance carrier, claimed a setoff for $2,000 in medical benefits. Ultimately it was agreed that the case would be settled for $50,000, and Allstate tendered a check in the amount of $48,000 and an additional cashier's check in the amount of $2,000.

Allstate was unwilling to concede that it owed the full $50,000 in addition to its previous medical payments, so Mrs. Tyree contributed $2,000 to get the case settled. Although counsel for the estate was aware that the $2,000 payment was being supplied by the Tyrees and not by Allstate, no further objection to the settlement amount was made on behalf of the estate.

On 8 March 1988, Joey L. Jordan, acting as administrator of the estate of Travis Jordan, executed a Release of All Claims. By its express terms, the release discharged Rita J. Tyree, Richard Alan Tyree and Richard Tyree from all claims or causes of action arising from the 6 October 1987 car accident. The release was granted for the sole consideration of $50,000, the receipt of which was duly acknowledged. Unfortunately, Joey L. Jordan did not petition for a summary proceeding pursuant to *W.Va.Code,* 55–7–7 [1982].[1]

On 5 October 1990, the present action was begun below, ostensibly on behalf of Casey Jordan, the younger brother of the victim. The complaint was filed by Sherry Breeden, an aunt of Casey Jordan, as next friend, and it alleged, *inter alia,* that All-

---

1. The 1982 version of *W.Va.Code,* 55–7–7 governs this case, and provides:

The personal representative of the deceased may compromise any claim to damages arising under section five of this article before or after action brought, with the consent of the person or persons who would be entitled to the damages recovered in an action therefor brought by such representative under section six of this article; or *if any such persons are incapable from any cause of giving consent, the personal representative may compromise with the approval of the judge of the court wherein any such action has been brought,* or if none has been brought, with the consent of the judge of the court wherein such action may be brought. Such approval may be applied for by the personal representative, on *petition to the judge in term or vacation,* stating the compromise, the terms thereof, and reasons therefor, and convening the parties in interest. What is received by the personal representative under the compromise shall be treated as if recovered by him in an *action under the section last mentioned.* When the judge acts in vacation, he shall return all the papers in the case, and orders made therein, to the clerk's office of such court. The clerk shall file the papers in his office as soon as received, and forthwith enter the order in the order book on the law side of the court. Such orders, and all the proceedings in vacation, shall have the same force and effect as if made or had in term. Upon approval of the settlement, the court shall apportion and distribute such damages, or the settlement agreed upon, after making provisions for those expenditures, if any, specified in subdivision (2), subsection (c), section six of this article, in the same manner as in the cases tried without a jury and make written findings of fact and then and there order the remaining net damages distributed in such amounts and proportions as the court deems fair, just and equitable. [Emphasis added.] Acts of the Legislature, Regular Session 1982, Chapter 1. Notably lacking in the 1989 version of the statute is language specifically providing for court approval when a wrongful death beneficiary is incapable of consent. The wrongful death action proceeds are now distributed according to the decedent's will or if there is no will, by intestate succession. But, of course, the 1989 statute, like its 1982 predecessor, intends for wrongful death proceeds to pass free and clear of the claims of decedent's creditors. *Dunsmore v. Hartman,* 140 W.Va. 357, 84 S.E.2d 137 (1954).

state had engaged in misrepresentations and fraud in connection with the 1988 settlement executed by Joey Jordan. The complaint further alleged that the improper activity by Allstate deprived Casey Jordan of his share of the original damages resulting from the settlement of his brother's wrongful death claim. After this action was brought, Sherry Breeden was appointed substitute administrator of the estate of Travis Lee Jordan.

Following preliminary discovery, the Tyrees moved for summary judgment on the grounds that the wrongful death claims asserted by plaintiff were barred by the unequivocal release executed by Joey Jordan. Allstate moved to dismiss plaintiff's complaint under Rule 12(b)(6), *W. Va. R. C. P.* because this litigation was essentially a renewed wrongful death action brought by a party lacking statutory standing to file such action. The trial court then proceeded to dismiss the action with prejudice and the court wrote:

> ... Allstate's motion [to dismiss] should be granted because no one other than the administrator of the estate of Travis Lee Jordan may maintain this cause of action.

We granted this appeal to determine whether any of the rights of Casey Jordan were prejudiced by the actions of Allstate and Joey Jordan, the original administrator of the estate, in settling this case without court approval.

### I.

Under *W. Va. Code,* 55–7–7 [1982] a wrongful death action in which a minor is a potential beneficiary can be settled only with leave of court. Thus, a summary proceeding should have been initiated to determine that the compromise of the claim by the personal representative was fair and reasonable pursuant to *W. Va. Code,* 55–7–6 [1985], and to determine what share of the award should have been paid to Casey Jordan.

However, we find that if Casey Jordan has been damaged, he has been damaged primarily by Joey Jordan, who was responsible for initiating a summary proceeding and determining what part of the $50,000

that he received as administrator should have gone to Casey. Therefore, if Casey has been injured, it is the obligation of Joey Jordan, in the first instance, to make him whole.

However, Allstate Insurance Company was not entirely blameless in this matter because it should have insisted upon a summary proceeding before paying the administrator $50,000. Certainly the release of the administrator is a complete, lawful, and binding release with regard to all adult parties to this action, but it cannot bind Casey Jordan.

Accordingly, plaintiff Casey Jordan by and through his next friend may amend the complaint to establish a cause of action against Joey Jordan and ask the Court to determine whether: (1) the original settlement of $50,000, which was the insurance coverage limit, was fair and reasonable; and (2) if such settlement was fair and reasonable, what part of it should have been allocated to Casey Jordan as a bereaved sibling.

If the Court finds the overall settlement fair and reasonable, then Casey Jordan has an action against Joey Jordan for so much of the settlement as the Court determines Casey Jordan would have been entitled to. If, and only if, Joey Jordan is entirely judgment-proof will Allstate be liable to Casey Jordan.

### II.

We have also considered the appellant's allegations that Joey Jordan was deceived because the Tyrees paid part of the settlement instead of Allstate, and that the estate was induced to settle by oral representations that the underaged driver, Richard Alan Tyree, who was responsible for Travis Lee Jordan's death, would voluntarily abstain from driving a car until his eighteenth birthday, and find them entirely without merit. The release was a full and complete release for which the total consideration was the $50,000 and that release binds the estate and all individual adult beneficiaries.

Therefore, for the reasons set forth above, the judgment of the Circuit Court of Kanawha County is affirmed in part and reversed in part and this case is remanded for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.