639 S.E.2d 850

**Diana Mae SAVILLA, Administratrix of the Estate of Linda Sue Good Kannaird, Plaintiff Below, Appellant**

v.

**SPEEDWAY SUPERAMERICA, LLC, dba Rich Oil Company, a Delaware corporation; City of Charleston, a municipality; Charleston Fire Department; Bruce Gentry; and Rob Warner, Defendants Below, Appellees**

**and**

**Eugenia Moschgat, Intervenor.**

**No. 33053.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 3, 2006.

Decided Nov. 16, 2006.

Dissenting Opinion of Justice Davis Dec. 1, 2006.

Concurring Opinion of Justice Albright Dec. 27, 2006.

Margaret L. Workman, Esq., Charleston, for Appellant.

J. Michael Ranson, Esq., Cynthia M. Ranson, Esq., Ranson Law Offices, Charleston, for Intervenor.

Joseph S. Beeson, Esq., Keith J. George, Esq., Robinson & McElwee, Charleston, for Appellee Speedway America, LLC dba Rich Oil Company.

Jeffrey K. Phillips, Esq., Steptoe & Johnson, Charleston, for Appellee Charleston Fire Department.

STARCHER, J.:

In this case we reverse a circuit court's decision to dismiss a defendant in a wrongful death case, and we remand the case for further proceedings.

I.

*Facts & Background*

The instant case began with a tragic event. On February 18, 2000, in Kanawha County, West Virginia, Linda Kannaird, age 54, drowned when a rescue boat operated by the City of Charleston overturned in flood waters.

Ms. Kannaird was being evacuated from a convenience store where she worked; the store was operated by the appellee Speedway SuperAmerica ("Speedway"). Ms. Kannaird was not married at the time of her death and had only one child—an adult daughter, Eugenia Moschgat, a resident of North Carolina.

On February 28, 2000, Ms. Moschgat qualified as administratrix of her mother's estate before the Kanawha County Commission. On April 11, 2000, in her capacity as personal representative and administratrix of Ms. Kannaird's estate, Ms. Moschgat filed a lawsuit in the Circuit Court of Kanawha County against the City of Charleston [1] and Speedway. The lawsuit alleged that Ms. Kannaird's death was caused by (1) the negligence of City employees; and (2) by conduct by Speedway, Ms. Kannaird's employer, that rose to the level of "deliberate intention" misconduct, so as to remove from Speedway the immunity from suit that is conferred by our workers' compensation laws.[2]

Subsequently, on or about June 8, 2000, a number of Linda Kannaird's siblings, alleging that they were potential recipients of damages in the suit filed by Ms. Moschgat filed pleadings in connection with that suit seeking to remove (and replace) Ms. Moschgat as the personal representative of Linda Kannaird's estate and as the plaintiff in the lawsuit.[3] Siblings are potential beneficiaries under our wrongful death statute, *W.Va. Code*, 55–7–6 [1992].

---

1. The suit against the City and Speedway as a result of Ms. Kannaird's death also names the City of Charleston's Fire Department and two of the Department's employees as defendants; we will include them in the term "the City." Several other individuals were injured or died in the same accident; other suits were filed against the City and Speedway as a result, and these other cases were consolidated with the case filed by Ms. Moschgat. There have been cross-claims made among the defendants in the consolidated cases, and there also has apparently been settlement of some claims and/or cases. Those matters are not pertinent to the instant appeal.

2. *W.Va.Code*, 23–2–6 [2003] provides that the immunity from a common-law damages suit arising out of the injury or death of an employee that is afforded to an employer participating in the workers' compensation system may be removed if the employer's conduct meets the "deliberate intention" standard codified at *W.Va.Code*, 23–4–2(d)(2) [2005]. Whether such conduct occurred is not an issue in the instant appeal. *W.Va.Code*, 23–4–2(c) [2005] states:

   If injury or death result to any employee from the deliberate intention of his or her employer to produce the injury or death, the employee, the widow, widower, child or dependent of the employee has the privilege to take under this chapter *and has a cause of action against the employer*, as if this chapter had not been enacted, for any excess of damages over the amount received or receivable in a claim for benefits under this chapter, whether filed or not.

   (Emphasis added.) We note that the statute numbers and effective dates cited and quoted in this opinion are those of the most current version of the statute, unless noted as otherwise. In some instances, previous enactments of the statutory language were applicable to the facts of the instant case, but any differences in the statutory versions is of no consequence, so we use the current version for simplicity's sake.

3. Our wrongful death statute, *W.Va.Code*, 55–7–6 [1992], states:

   (a) *Every such action shall be brought by and in the name of the personal representative of such deceased person who has been duly appointed in this state*, or in any other state, territory or district of the United States, or in any foreign country, and the amount recovered in every such action shall be recovered by said personal representative and be distributed in accordance herewith. If the personal representative was duly appointed in another state,

■ On January 8, 2001, following several hearings, the circuit court found that there was hostility between Ms. Moschgat and her late mother's siblings and that Ms. Moschgat had been estranged from her mother for a number of years. The circuit court ordered that Ms. Moschgat be removed as administratrix and personal representative of Ms. Kannaird's estate and as the named plaintiff in the case against the City and Speedway, and that she be replaced as the administratrix and plaintiff by the appellant, Diana Savilla, Linda Kannaird's sister.[4]

The case then proceeded with discovery; however, it was sidetracked into federal court for nearly two years due to a removal petition filed by Speedway; ultimately the case was returned to the circuit court in August of 2004. There were also amendments to pleadings, cross-claims among defendants, and various dispositive motions—none of which are germane to the issues in the instant appeal.

Meanwhile, apparently in July of 2003, Speedway and Ms. Moschgat, acting independently of Ms. Savilla, entered into an agreement (neither the date nor the text of the agreement are in the record) in which Speedway promised to pay Ms. Moschgat a sum of money for a release of all of Ms. Moschgat's personal claims against Speedway, contingent upon Speedway's being dismissed from the lawsuit.

Speedway thereafter filed and brought on for hearing a motion to dismiss before the circuit court, raising two arguments.

First, Speedway argued that Ms. Savilla, as the personal representative of Linda Kan-

territory or district of the United States, or in any foreign country, such personal representative shall, at the time of filing of the complaint, post bond with a corporate surety thereon authorized to do business in this state, in the sum of one hundred dollars, conditioned that such personal representative shall pay all costs adjudged against him or her and that he or she shall comply with the provisions of this section. The circuit court may increase or decrease the amount of said bond, for good cause.

(b) In every such action for wrongful death, *the jury*, or in a case tried without a jury, the court, *may award such damages as to it may seem fair and just, and, may direct in what proportions the damages shall be distributed to the surviving spouse and children, including adopted children and stepchildren, brothers, sisters, parents and any persons who were financially dependent upon the decedent at the time of his or her death or would otherwise be equitably entitled to share in such distribution* after making provision for those expenditures, if any, specified in subdivision (2), subsection (c) of this section. If there are no such survivors, then the damages shall be distributed in accordance with the decedent's will or, if there is no will, in accordance with the laws of descent and distribution as set forth in chapter forty-two of this code. If the jury renders only a general verdict on damages and does not provide for the distribution thereof, the court shall distribute the damages in accordance with the provisions of this subsection.

(c)(1) The verdict of the jury shall include, but may not be limited to, damages for the following: (A) Sorrow, mental anguish, and solace which may include society, companionship, comfort, guidance, kindly offices and advice of the decedent; (B) compensation for reasonably expected loss of (i) income of the decedent, and (ii) services, protection, care

and assistance provided by the decedent; (C) expenses for the care, treatment and hospitalization of the decedent incident to the injury resulting in death; and (D) reasonable funeral expenses.

(2) In its verdict the jury shall set forth separately the amount of damages, if any, awarded by it for reasonable funeral, hospital, medical and said other expenses incurred as a result of the wrongful act, neglect or default of the defendant or defendants which resulted in death, and any such amount recovered for such expenses shall be so expended by the personal representative.

(d) Every such action shall be commenced within two years after the death of such deceased person, subject to the provisions of section eighteen, article two, chapter fifty-five. The provisions of this section shall not apply to actions brought for the death of any person occurring prior to the first day of July, one thousand nine hundred eighty-eight.

(Emphasis added.) As to siblings, *W.Va.Code*, 23–4–10(d) [2005] defines "dependent" as including only an "invalid brother or sister wholly dependent for his or her support upon the earnings of the employee. . . ."

4. Following Ms. Moschgat's removal as personal representative and named plaintiff, she unsuccessfully petitioned this Court, asking that we review and reverse the circuit court's order. Ms. Savilla argues in the instant appeal that this Court's refusal to hear Ms. Kannaird's challenge to the circuit court's order established the "law of the case," and bars Speedway from asserting the arguments that are discussed in the instant opinion. We cannot agree with Ms. Savilla's contention. The issues in the instant appeal were not raised in Ms. Moschgat's petition to this Court.

naird's estate, had no standing to assert any "deliberate intention" claims arising from Ms. Kannaird's death because Ms. Savilla was not one of the specific persons who are named in *W.Va.Code*, 23–4–2(c) [2005] ("the widow, widower, child or dependent of the employee . . ." *see* note 2 *supra* for full text) as potentially having a "deliberate intention" cause of action against a participating employer in the event of an employee's death.

In the alternative, Speedway argued that its agreement with Ms. Moschgat fully satisfied all possible deliberate intention claims against Speedway arising from the death of Ms. Kannaird, because Ms. Moschgat is the only one who could have such a claim under *W.Va.Code*, 23–4–2(c) [2005], and that Speedway's dismissal was required based on the settlement agreement.

On April 8, 2005, the circuit court dismissed Speedway as a defendant in the lawsuit. The circuit court agreed with Speedway's first argument, concluding that deliberate intention claims on behalf of the persons listed in *W.Va.Code*, 23–4–2(c) [2005] may not be asserted by the personal representative of a decedent in a wrongful death suit brought by the personal representative, but may be asserted only by those statutorily-named persons themselves.

The circuit court did not address Speedway's alternative argument—that even if Ms. Savilla was a proper party to assert a deliberate intention claim on behalf of another party against Speedway, the contingent settlement by Ms. Moschgat of her claim against Speedway mandated the dismissal of Speedway as a defendant, because none of the other potential beneficiaries of the suit could recover "deliberate intention" damages against Speedway. Ms. Savilla, the named plaintiff and administratrix of Ms. Kannaird's estate, filed the instant appeal, asserting that the circuit court erred in dismissing Speedway as a defendant.

## II.

### Standard of Review

■ A trial court's ruling on a motion to dismiss is reviewed *de novo*. *Kopelman &*

5. *See* last sentence, n. 3.

*Associates v. Collins*, 196 W.Va. 489, 492, 473 S.E.2d 910, 913 (1996).

## III.

### Discussion

#### A.

The first issue that we must address is whether anyone other than Ms. Moschgat had or has a potential cause of action against Speedway, Ms. Kannaird's employer, as a result of her death.

As previously noted, *W.Va.Code*, 23–4–2(c) [2005] specifically provides that the "widow, widower, child or dependent" of an employee has a cause of action against an employer as a result of an employee's death arising from an employer's alleged "deliberate intention" misconduct. Ms. Moschgat, as Ms. Kannaird's daughter, is the only person identified by either party who fits within this definition.

■ "[T]he familiar maxim expressio unius est exclusio alterius [means] the express mention of one thing implies the exclusion of another [.]" Syllabus Point 3, in part, *Manchin v. Dunfee*, 174 W.Va. 532, 327 S.E.2d 710 (1984). Applying this principle in the instant case, *W.Va.Code*, 23–4–2(c)'s express mention of certain persons who have a cause of action against an employer for deliberate intention wrongful death damages implies the exclusion of other persons who are not mentioned in the statute.

Despite this language, Ms. Savilla argues that siblings like herself, who are not identified specifically in 23–4–2(c) [2005] (and who were not financially dependent on the decedent),[5] also have a potential cause of action against an employer for deliberate intention wrongful death damages; because an award of damages to such persons is authorized by the wrongful death statute, *W.Va.Code*, 55–7–6 [1992]:

> the damages shall be distributed to the surviving spouse and children, including adopted children and stepchildren, *brothers, sisters, parents and any persons who were financially dependent upon the decedent at the time of his or her death or would otherwise be equitably entitled to*

*share in such distribution* after making provision for those expenditures, if any, specified in subdivision (2), subsection (c) of this section. [emphasis added].[6]

■ It is axiomatic that these two statutes must be read in a fashion to give effect to all of their terms, if possible. "[N]o part of a statute is to be treated as meaningless and we must give significance and effect to every section, clause, word or part of a statute . . . ." *Mitchell v. City of Wheeling*, 202 W.Va. 85, 88, 502 S.E.2d 182, 185 (1998) (*citing State v. General Daniel Morgan Post No. 548*, 144 W.Va. 137, 107 S.E.2d 353 (1959); *Wilson v. Hix*, 136 W.Va. 59, 65 S.E.2d 717 (1951)).

To adopt Ms. Savilla's reasoning—to expand the list of persons ("widow, widower, child or dependent") who "have a [deliberate intent] cause of action" against an employer beyond those persons set forth in *W.Va.Code*, 23-4-2(c) [2005] would be to make the words of limitation in *W.Va.Code*, 23-4-2(c) [2005] into a nullity. Whereas, to adopt the reading suggested by Speedway—that *W.Va.Code*, 23-4-2(c) [2005] sets forth certain persons from whom an employer does not have immunity for deliberate intention causes of action; and that *W.Va.Code*, 55-7-6 [1992] sets forth the persons who may recover wrongful death damages under *non*-deliberate intention causes of action—will harmonize and give effect to all of the language in both statutes.

Our reading of the statutes is not unprecedented. We directly addressed this question in *Collins v. Dravo Contracting Co.*, 114 W.Va. 229, 171 S.E. 757 (1933). In *Collins*, an employer challenged the right of a personal representative to assert a deliberate intention claim in a wrongful death lawsuit under *W.Va.Code*, 55-7-6 [1992], because the personal representative was not one of the persons named in *W.Va.Code*, 23-4-2(b) [1923] as having a cause of action for "deliberate intention" damages. This Court ruled against the employer's challenge, stating that:

The statute in question [23-4-2(b)] gives the right of action "as if this chapter had not been enacted."[7] If it had not been enacted, then for death by wrongful act the personal representative sues under Code, 55-7-6, and that section, including its limitation of recovery, would apply to the extent not inconsistent with Code, 23-4-2. *Since Code, 23-4-2, names the beneficiaries who take, the recovery under its terms would be distributed to "the widow, widower, child or dependent" and not in accordance with Code, 55-7-6.* But it is the personal representative who sues *subject to the difference in distribution of any recovery.*

114 W.Va. at 235-236, 171 S.E. at 759 (emphasis added). *Collins* is thus in accord with the reading of the statutes that Speedway advocates—that potential damages recovery under a cause of action authorized by *W.Va. Code*, 23-4-2(c) [2005] is limited to a smaller class of beneficiaries than those persons who are set forth in *W.Va.Code*, 55-7-6 [1992].

■ Based on the foregoing reasoning, we hold that pursuant to *W.Va.Code*, 23-4-2(c) [2005] and *W.Va.Code*, 55-7-6 [1992], the persons who can potentially recover "deliberate intention" damages from a decedent's employer are the persons specified in *W.Va. Code*, 23-4-2(c) [2005]: the employee's widow, widower, child, or dependent of the employee.

The next issue that we must address is whether deliberate intention claims on behalf of the potential beneficiaries of such claims may be asserted by a personal representative who is not such a beneficiary in a wrongful death action filed pursuant to *W.Va.Code*, 55-7-6 [1992].

*W.Va.Code*, 55-7-6 [1992] states that "*Every* such [wrongful death] action shall be brought by and in the name of the personal representative of such deceased person who has been duly appointed in this state . . ." (emphasis added). We believe that the statute's use of the word "every" in itself gives support to the conclusion that a lawsuit alleging wrongful death as a result of an employ-

---

6. *See Mackey v. Irisari*, 191 W.Va. 355, 445 S.E.2d 742 (1994) (financial dependency is not required for potential beneficiaries identified in *W.Va.Code*, 55-7-6 [1992]).

7. The phrase "as if this chapter had not been enacted" can be most sensibly read in most instances to mean "as if [the immunity created by] this chapter had not been enacted."

er's deliberate intent should be brought by the personal representative of the deceased employee.

We also addressed this issue *Collins, supra.* Syllabus Point 3 of *Collins v. Dravo Contracting Co., supra,* states:

> Administratrix could maintain action to recover for servant's death in consequence of master's deliberate intent to produce death (Code 1931, 23–4–2, 55–7–6).

As previously discussed, the *Collins* opinion stated that:

> The statute in question [23–4–2(b) ] gives the right of action "as if this chapter had not been enacted." If it had not been enacted, then for death by wrongful act *the personal representative sues* under Code, 55–7–6, and that section, including its limitation of recovery, would apply to the extent not inconsistent with Code, 23–4–2. Since Code, 23–4–2, names the beneficiaries who take, the recovery under its terms would be distributed to "the widow, widower, child or dependent" and not in accordance with Code, 55–7–6. *But it is the personal representative who sues* subject to the difference in distribution of any recovery.

114 W.Va. at 235–236, 171 S.E. at 759 (emphasis added).

■ Thus, *Collins* clearly states, and we hold, that a personal representative who is not one of the statutorily-named beneficiaries

of a deliberate intention cause of action authorized by *W.Va.Code,* 23–4–2(c) [2005] has standing to assert a deliberate intention claim against a decedent's employer on behalf of a person who has such a cause of action in a wrongful death suit filed pursuant to *W.Va.Code,* 55–7–6 [1992].[8]

■ Therefore, based on the foregoing reasoning, we conclude that the circuit court erred in dismissing Speedway on the grounds that the named plaintiff in the lawsuit against Speedway was the appellant Ms. Savilla, as personal representative of the estate of Linda Kannaird, and not Ms. Moschgat.

### B.

■ In addition to arguing that the plaintiff and administratrix of the Kannaird estate that Ms. Savilla had no standing, Speedway also argues that because Ms. Moschgat has settled (contingently) her claim against Speedway, there are no more claims against Speedway to be pursued in the lawsuit—and that Speedway is therefore entitled to be dismissed as a defendant.

However, this argument ignores the issues that can and do arise when one potential beneficiary and/or one defendant in a wrongful death case would like to simply settle a claim, and "go home." Some of these issues, and the various circumstances in which they can arise, have been addressed in West Virginia case law.

---

**8.** Allowing a decedent's personal representative to assert "deliberate intention" wrongful death claims on behalf of the potential beneficiaries of those claims allows all possible claims and claimants to be joined and managed in one lawsuit. This is consistent with our rules on joinder, *see Morris v. Crown Equipment,* 219 W.Va. 347, 355 n. 8, 633 S.E.2d 292, 300 n..8 (2006). Moreover, such a practice is consistent with the jurisprudence of this court governing claims arising from alleged "deliberate intention" misconduct. We recognized in *Erie Insurance Property and Casualty Co. v. Stage Show Pizza,* 210 W.Va. 63, 73, 553 S.E.2d 257, 267 (2001) that a plaintiff's civil negligence claim for damages authorized by workers' compensation law does not create an employer's obligation under workers' compensation law to an employee, but rather creates a potential general civil obligation to pay damages, so that "deliberate intention" lawsuit damages are not workers' compensation benefits. In *Powroznik v. C & W Coal Co.,* 191 W.Va. 293, 295, 445 S.E.2d 234, 236 (1994) we stated that "*W.Va.Code,* 23–4–2 allows a traditional tort action to be filed against an employer where the *damages* [not the potential beneficiaries] are not limited by any workers' compensation statute." *(emphasis added).* "A deliberate intent suit is a civil action governed by the West Virginia Rules of Civil Procedure and attorney's fees are controlled the same as attorney's fees in any other civil action for personal injuries or wrongful death." *Id.,* 191 W.Va. at 296, 445 S.E.2d at 237. *See also Sydenstricker v. Unipunch,* 169 W.Va. 440, 288 S.E.2d 511 (1982) (non-employer defendant may implead an employer defendant under common-law contribution theory, asserting deliberate intention, because immunity of employer is removed by *W.Va.Code,* 23–4–2). *See also Mooney v. Eastern Assoc. Coal Co.,* 174 W.Va. 350, 353, 326 S.E.2d 427, 430 (1984) (damages in a *W.Va.Code,* 23–4–2 deliberate intention suit are "for excess damages ..." but "[t]he statute is silent, however, about how this intent is implemented mechanically at trial;" supreme court determines method of calculating proper offset of benefits paid under compensation system).

In Syllabus Point 4 of *McClure v. McClure*, 184 W.Va. 649, 403 S.E.2d 197 (1991) we held:

> Under W.Va.Code, 55–7–6 (1985), our wrongful death statute, the personal representative has a fiduciary obligation to the beneficiaries of the deceased because the personal representative is merely a nominal party and any recovery passes to the beneficiaries designated in the wrongful death statute and not to the decedent's estate.

We said in *McClure:* "We have been sensitive to problems that may occur between the beneficiaries of a wrongful death suit and the personal representative ...." 184 W.Va. at 654, 403 S.E.2d at 202.

In *Thompson & Lively v. Mann*, 65 W.Va. 648, 64 S.E. 920 (1909), this Court held that wrongful death suit proceeds recovered by a personal representative plaintiff are not general assets of the estate; that the personal representative is a trustee for the benefit of the beneficiaries of the wrongful death action; and that the administrator has the right to be reimbursed for reasonable attorney's fees in the prosecution of a wrongful death suit. In *Swope v. Keystone Coal & Coke Co.*, 78 W.Va. 517, 89 S.E. 284 [1916] we held that a compromise of a wrongful death case by less than all beneficiaries and without the consent of the decedent's personal representative was invalid.

In *Jordan v. Allstate*, 184 W.Va. 678, 403 S.E.2d 421 (1991), we held that under *W.Va. Code*, 55–7–7 [1982] a personal representative could settle and distribute wrongful death claim proceeds only with the consent of all beneficiaries, or with court approval after a hearing. In *White v. Gosiene*, 187 W.Va. 576, 420 S.E.2d 567 (1992), we held that all beneficiaries of a wrongful death claim may by written agreement compromise the claim and allocate the share to be paid to each.

In *Miller v. Lambert*, 195 W.Va. 63, 464 S.E.2d 582 (1995), we held that an administrator was required to obtain court approval for settlement of a wrongful death claim where all beneficiaries who might receive potential damages from the claim did not, or could not, agree to the settlement. And in *Estate of Postlewait v. Ohio Valley Medical Center, Inc.*, 214 W.Va. 668, 591 S.E.2d 226 (2003), we held that all compromises of wrongful death claims must be approved by the court. *See also, Stone v. CSX Transportation, Inc.*, 10 F.Supp.2d 602 (S.D.W.Va. 1998) (court approval of settlement necessary to bind non-consenting adult beneficiaries of wrongful death claim; public policy strongly favors protecting the interests of all beneficiaries).[9] *See generally* "Effect of Settlement with and Acceptance of Release from One Wrongful Death Beneficiary upon Liability of Tortfeasor to other Beneficiaries or Decedent's Personal Representative." 21 A.L.R.4th 275.

In *City of Louisville v. Hart's Adm'r.*, 143 Ky. 171, 175, 136 S.W. 212, 214 (1911), the court observed that the settlement "recovery [was] charged with certain expenses that the personal representative would be obliged to discharge, but that the beneficiary might not be inclined to pay and could not be held responsible for." *See also, Estate of White*, 41 Or.App. 439, 599 P.2d 1147 (1979) (attorney fees of personal representative should be paid from settlement over objection of other beneficiaries in wrongful death case).

From the foregoing review of case law from this and other jurisdictions, it can be gleaned that resolving the issues that arise when one beneficiary in a wrongful death case wishes to settle their claim against a defendant requires a complex balancing act by the court. The development of a full record and a careful weighing of all of the applicable law and equity by the court is a necessity.

---

**9.** An attorney for a personal representative has been held to have a duty to a beneficiary of a wrongful death action, regardless of privity. *Cf. Leyba v. Whitley*, 120 N.M. 768, 907 P.2d 172 (1995). The *Leyba* decision is criticized by Marianne B. Hill at "Trend in New Mexico Law: 1994–95", 26 N.M.L.Rev. 643, 650 (1996): "The potential for an existing or future adversarial relationship amongst statutory beneficiaries [of a wrongful death claim] is likely." *See also,* 4 *West's Pennsylvania Practice, Torts: Law and Advocacy* Sec. *14.18*, "Distribution in wrongful death and survival actions" ("The potential for conflicts between beneficiaries to a wrongful death action presents a challenge to both the trial court and the attorney representing the plaintiff.").

In the instant appeal, we have no such record, nor do we have a decision by the trial court addressing the various issues as the parties see them, with appropriate findings and conclusions. We therefore have no basis to even attempt to decide whether and/or to what degree and upon what conditions Speedway and Ms. Moschgat may be permitted to resolve the cause of action that Ms. Moschgat has against Speedway in the context of the overall lawsuit in which Ms. Savilla is the court-denominated personal representative and named plaintiff.

These are matters that must be addressed on remand by the trial court. The foregoing-cited authorities suggest that any such settlement or dismissal must be determined by the court to not unfairly prejudice the other potential beneficiaries of the lawsuit,[10] and must provide for compensation to the personal representative for her expenses in connection with the litigation, including appropriate attorney fees, without creating unfairness to Ms. Moschgat and her separate counsel.[11]

## IV.

### Conclusion

The dismissal of the appellee Speedway is reversed and this case is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and Remanded.

DAVIS, C.J., dissenting:

(Filed Dec. 1, 2006)

In this case, Diana Savilla, as administratrix for the estate of Linda Kannaird, filed a workers' compensation deliberate intent cause of action against Speedway SuperAmerica under a theory that would permit damages to be distributed according to our wrongful death statute. The circuit court

dismissed the action on the grounds that the workers' compensation statute did not authorize the cause of action brought by Ms. Savilla. The majority opinion, relying upon dicta from a 1933 decision, reversed the circuit court's decision. For the reasons set out below, I respectfully dissent.

### A. The Majority Opinion was Legally Wrong in Relying upon Dicta from the Case of Collins v. Dravo Contracting Company

The facts of this case show that Ms. Savilla was the sister of the decedent. She brought this action as the administratrix for the estate of the decedent. Ms. Savilla filed the cause of action against Speedway, the employer of the decedent, based upon W. Va. Code § 23-4-2(c) (2005) (Repl.Vol.2005), which provides that "[i]f injury or death result to any employee from the deliberate intention of his or her employer . . ., the employee, the widow, widower, child or dependent of the employee . . . has a cause of action against an employer[.]" Ms. Savilla sought damages under W. Va.Code § 55-7-6(b) (1992) (Repl.Vol.2000), which allows a jury to award damages to a decedent's "spouse and children . . . brothers, sisters, parents and any persons who were financially dependent upon the decedent[.]" Insofar as Ms. Savilla did not qualify as the widow, child or dependent of Ms. Kannaird, the circuit court found that she could not maintain a deliberate intent cause of action against Speedway.

The majority opinion has agreed with the circuit court that Ms. Savilla cannot personally recover any money from a deliberate intent cause of action against Speedway under our wrongful death statute. Even so, the majority opinion has determined that Ms. Savilla *can* maintain her lawsuit on behalf of Ms. Kannaird's adult daughter, Eugenia Moschgat.[1] In order to keep Ms. Savilla in

---

10. *See* notes 1 and 3, *supra*. The decedent's siblings, for example, and Ms. Moschgat are potential beneficiaries of the claims against the City.

11. At the present moment, Ms. Savilla and Ms. Moschgat, both of whom have been personal representatives and plaintiffs in the instant case, appear to be in adversarial positions. Reliance on the generally applicable fiduciary duty that a personal representative has toward the potential

beneficiaries in a wrongful death case will therefore have little utility in resolving the issues before the trial court.

1. In order to reach this result, the majority opinion disregarded Ms. Moschgat's intervenor brief in this appeal wherein she informed this Court that she had reached a settlement with Speedway and that Ms. Savilla does not represent her interests. In fact, Ms. Savilla is adverse to the inter-

this case as a nominal plaintiff, the majority decision relied upon dicta in the 1933 decision of *Collins v. Dravo Contracting Co.*, 114 W.Va. 229, 171 S.E. 757 (1933). As I will demonstrate below, the dicta asserted in *Collins* was legally incorrect.

*Collins* involved an appeal by the administratrix of the estate of a decedent who was killed during the course of his employment with the defendant.[2] The plaintiff brought a cause of action against the employer alleging negligence and deliberate intent as theories of liability. A jury returned a defense verdict, and the plaintiff appealed. The *only* issue raised by the plaintiff in the appeal was that the trial court erred in ruling that compliance with the workers' compensation statute, by the employer, was a complete defense to both of her theories of liability. In *Collins*, this Court held that compliance with the workers' compensation statute was a defense to a negligence action, but not to a deliberate intent cause of action. This holding was set out in the sole syllabus point created by the opinion.[3] In passing, the opinion in *Collins* commented upon the authority of the plaintiff to bring a cause of action against the employer in her capacity as administratrix of the decedent's estate. The sum total of the discussion on that specific issue was as follows:

> The question is raised that no recovery can be had in this action by the administratrix because Code, 23–4–2, gives the right of action to "the widow, widower, child or dependent of the employee." We do not think this contention well founded.

The statute in question gives the right of action "as if this chapter had not been enacted." If it had not been enacted, then for death by wrongful act the personal representative sues under Code, 55–7–6, and that section, including its limitation of recovery, would apply to the extent not inconsistent with Code, 23–4–2. Since Code, 23–4–2, names the beneficiaries who take, the recovery under its terms would be distributed to "the widow, widower, child or dependent" and not in accordance with Code, 55–7–6. But it is the personal representative who sues subject to the difference in distribution of any recovery.

*Collins*, 114 W.Va. at 235–36, 171 S.E. at 759.

In the instant proceeding, the majority opinion relied upon the above dicta in *Collins* to permit Ms. Savilla to maintain the cause of action against Speedway on behalf of Ms. Moschgat. I strongly assert that the majority opinion committed an error of law in relying on the *Collins'* dicta.

*Collins* indicated that the passage "as if this chapter had not been enacted" was intended to mean that a deliberate intent cause of action, on behalf of a widow/widower, child or dependent, could be instituted in the name of a decedent's estate, as permitted under our wrongful death statute. This is simply a legally wrong interpretation of the passage. The correct meaning of this passage was stated in the case of *Weis v. Allen*, 147 Or. 670, 35 P.2d 478 (1934).

ests of Ms. Moschgat and does not want Ms. Moschgat to recover anything.

2. The opinion in *Collins* does not expressly identify the plaintiff as the widow, child or dependent of the decedent. The opinion did note that the plaintiff recovered workers' compensation death benefits as a result of the decedent's death. Under the statute in existence when *Collins* arose, workers' compensation death benefits were recoverable by a spouse, child, or dependent parents or grandparents. *See* W. Va.Code § 23–4–10(g) (1923) (Main Vol.1932).

3. I will note that in the official reporter for this Court, West Virginia Reports, only one syllabus point was created in *Collins*. *See* W. Va.Code § 5A–3–23 (1990) (Repl.Vol.2006) ("[T]he official reporter of the supreme court of appeals shall have charge and supervision of the printing and binding of the reports of the decisions of the supreme court of appeals of the state.... The

reports shall be styled 'West Virginia Reports.' "); W. Va.Code § 51–8–5 (1967) (Repl. Vol.2000) (providing for the distribution of West Virginia Reports). However, in the unofficial reporter, South Eastern Reporter, it erroneously lists four syllabus points. The majority opinion has cited to one of the four syllabus points set out in the South Eastern Reporter, *i.e.*, Syllabus point 3. This syllabus point is not contained in the West Virginia Reporter. Insofar as the official reporter for this Court did not contain the syllabus point cited in the majority opinion, I am duty bound to take the position that the syllabus point cited in the majority opinion from *Collins was not created by this Court*. Instead, the purported syllabus point (and two others) was no doubt intended to be a "headnote" by the unofficial reporter that was inadvertently listed as a syllabus point.

In *Weis*, the plaintiff filed a deliberate intent cause of action against his employer after he was shot by a spring gun while on the employer's property. A jury returned a verdict awarding the plaintiff general and punitive damages. The employer appealed. One of the issues raised by the employer was that the plaintiff could not recover punitive damages under the state's workers' compensation statute. The statute authorizing a deliberate intent cause of action stated the following:

"If injury or death results to a workman from the deliberate intention of his employer to produce such injury or death, the workman ... shall have the privilege to take, under this act, and also have cause for, action against the employer, *as if this act had not been passed,* for damages over the amount payable hereunder."

*Weis*, 147 Or. at 672, 35 P.2d at 479 (quoting Or.Code § 49–1828) (emphasis added). The opinion in *Weis* found that the language under the statute, "as if this act had not been passed," permitted a recovery of punitive damages. The opinion explained this passage as follows:

Were it not for the special provision of our Code, the employee probably would have to elect whether to pursue his remedy under the Workmen's Compensation Act or sue at common law. Instead of compelling the injured workman to elect at his peril which course to pursue, section 49–1828, Oregon Code 1930, assures him at least the compensation which he would be entitled to receive in any event for the injuries suffered, and in addition grants him the right to avail himself of his common-law remedy.

. . . .

The wording of the statute ... is that if the injury results from the deliberate intention of the employer, the employee shall have cause of action against his employer, "as if this act had not been passed," for the recovery of damages in a sum over and above that to which he is entitled as an award under the act. The defendant does not dispute that at common law it would have been proper to submit to the jury the question of punitive damages, in the light of the facts in this case. The section of the act in question does not limit the amount of recovery on the part of the injured employee, but creates an additional fund for the payment of a part of the damages for injuries sustained.

*Weis*, 147 Or. at 683–84, 35 P.2d at 483. *Weis* is instructive in explaining that the phrase, "as if this act had not been passed," means that for the cause of action authorized by the workers' compensation statute, a plaintiff is entitled to *all remedies* afforded by the law for injury or death. The phrase means nothing more.[4]

In this case, our workers' compensation statute provides that if an employee is killed, a deliberate intent cause of action against the employer may be brought "as if this [statute] had not been enacted." W. Va.Code § 23–4–2(c). The quoted phrase does not mean that in order for a widow/widower, child or dependent to bring a cause of action, it must be done in the name of a decedent's estate as provided by our wrongful death statute. The rationale for this is that our workers' compensation statute establishes the right to a cause of action in specifically named plaintiffs, as discussed further below, such that no other authority is required for bringing an action. Therefore, to the extent *Collins* may be read as requiring a widow/widower, child or dependent to bring a cause of action in the name of a decedent's estate, it was legally wrong. By adopting the *Collins* dicta, the majority opinion has perpetuated this legal error.

To accept the logic of *Collins* and the majority opinion, I would also have to conclude that persons who may recover under a deliberate intent cause of action are those who may recover under our wrongful death statute. Under the present wording of our *wrongful death statute, persons who may* recover include a decedent's "spouse and children ... brothers, sisters, parents and any persons who were financially dependent upon the decedent[.]" W. Va.Code § 55–7–6(b). Ms. Savilla argued that she was a

4. In 1983, the Legislature enacted W. Va.Code § 23–4–2(d)(2)(iii)(A) (1983) (Repl.Vol.1985), which prohibits punitive damages against an employer for a deliberate intent cause of action. Prior to enactment of this provision, punitive damages could be recovered.

beneficiary in this case because of our wrongful death statute and therefore sought damages under that statute. The majority opinion, like *Collins*, has selectively prohibited use of the provision of our wrongful death statute that permits recovery by those not mentioned in our workers' compensation statute. This is disingenuous. Either the wrongful death statute has no application to a deliberate intent cause of action, as I contend, or all of its provisions must apply. The issue cannot legally be piece-mealed as the majority opinion has done in its reliance upon *Collins'* ill-conceived dicta.

In essence, the ultimate point I make is that under W. Va.Code § 23-4-2(c), a representative of the estate of a decedent is not authorized to bring a cause of action for a widow/widower, child or dependent. *Collins* was wrong in suggesting this by way of dicta, and the majority opinion is wrong in making this dicta the law in our State.

### B.W. Va.Code § 23-4-2(c) Sets out Two Causes of Action and Four Categories of Plaintiffs

Except for the dicta in *Collins*, the instant case presented the first opportunity for this Court to determine the proper persons who may bring a cause of action under W. Va. Code § 23-4-2(c). This statute states in full:

> If injury or death result to any employee from the deliberate intention of his or her employer to produce the injury or death, the employee, the widow, widower, child or dependent of the employee has the privilege to take under this chapter and has a cause of action against the employer, as if this chapter had not been enacted, for any excess of damages over the amount received or receivable in a claim for benefits under this chapter, whether filed or not.

W. Va.Code § 23-4-2(c). Under the statute, a deliberate intent cause of action exists for an injury or death to an employee. For the purposes of my dissent, I will examine both causes of action separately.

**1. Nonfatal injury.** Under W. Va.Code § 23-4-2(c), a deliberate intent cause of action for an injury to an employee may be brought by "the employee, the widow, widower, child or dependent of the employee[.]" In other words, for a nonfatal injury there are four categories of plaintiffs under the statute:

employee, widow/widower, child or dependent. Obviously, if a nonfatal injury occurs, a "widow/widower" does not exist. Therefore, our cases have logically and implicitly recognized that for a nonfatal injury "widow/widower" means "spouse." As a result of this implicit recognition that "widow/widower" means spouse, our cases have not questioned the right of a spouse to bring a separate claim in a deliberate intent cause of action for a nonfatal injury.

For example, in the case of *Cecil v. D and M Inc.*, 205 W.Va. 162, 517 S.E.2d 27 (1999), the plaintiffs, Eric Cecil and his wife, Esther Cecil, brought a deliberate intent cause of action against the employer as a result of injuries Mr. Cecil sustained during the course of his employment. The jury returned a verdict in favor of the plaintiffs, and the defendant appealed. This Court affirmed the jury verdict, but found the employer was entitled to a reduction in the amount awarded by the jury. More importantly, for the purposes of my dissent, this Court noted that "Mrs. Cecil was awarded compensatory damages for past and future loss of consortium, kindly offices, society and companionship of her husband." *Cecil*, 205 W.Va. at 171 n. 11, 517 S.E.2d at 36 n. 11. The award granted to Mrs. Cecil was not made in the capacity of a widow because her husband was not dead. The award was made to her in her capacity as a spouse of an injured employee. *See Tolley v. ACF Indus., Inc.*, 212 W.Va. 548, 575 S.E.2d 158 (2003) (nonfatal deliberate intent cause of action where spouse brought separate claim); *Nutter v. Owens–Illinois, Inc.*, 209 W.Va. 608, 550 S.E.2d 398 (2001) (same); *McBee v. U.S. Silica Co.*, 205 W.Va. 211, 517 S.E.2d 308 (1999)(same); *Jones v. Patterson Contracting, Inc.*, 206 W.Va. 399, 524 S.E.2d 915 (1999) (same); *Harris v. Martinka Coal Co.*, 201 W.Va. 578, 499 S.E.2d 307 (1997) (same); *Tolliver v. Kroger Co.*, 201 W.Va. 509, 498 S.E.2d 702 (1997) (same); *Blake v. John Skidmore Truck Stop, Inc.*, 201 W.Va. 126, 493 S.E.2d 887 (1997) (same); *Gentry v. Mangum*, 195 W.Va. 512, 466 S.E.2d 171 (1995) (same); *Sias v. W–P Coal Co.*, 185 W.Va. 569, 408 S.E.2d 321 (1991) (consolidated actions wherein two of the cases involved claims by spouses).

This Court has never held that a deliberate intent cause of action for a nonfatal injury is limited to the employee. We have assumed, as has the bench and bar, that W. Va.Code § 23–4–2(c) extends such a cause of action to a spouse, child or dependent. *See Roberts v. Consolidation Coal Co.*, 208 W.Va. 218, 539 S.E.2d 478 (2000) (the injured employee, his spouse and two children filed deliberate intent cause of action against employer).

2. **Fatal injury.** Although there has been no confusion in our cases as to who may bring a cause of action for a nonfatal injury to an employee, the decision of the majority opinion in this case has muddied the waters with respect to a fatal injury to an employee. Under the majority opinion, a representative of a decedent's estate can bring a cause of action for only a widow/widower, child or dependent; and any recovery can be distributed to only the widow/widower, child or dependent. As I will demonstrate, this interpretation of W. Va.Code § 23–4–2(c) by the majority opinion is legally wrong and grossly unsound.

To begin, W. Va.Code § 23–4–2(c) expressly states that a deliberate intent cause of action for the death of an employee may be brought by "the employee, the widow, widower, child or dependent of the employee[.]" In other words, for a fatal injury, there are four categories of plaintiffs under the statute: employee, widow/widower, child or dependent. Obviously, if a fatal injury occurs, the "employee" cannot bring a direct action. However, just as our opinions have logically inferred "widow/widower" to mean spouse, so too have we implicitly recognized that "employee" means the estate of the employee. *See Michael v. Marion County Bd. of Educ.,*

198 W.Va. 523, 482 S.E.2d 140 (1996) (spouse of decedent brought deliberate intent cause of action against employer individually and as representative of decedent's estate); *Cline v. Jumacris Min. Co.*, 177 W.Va. 589, 355 S.E.2d 378 (1987) (same).[5]

This Court's implicit recognition that the estate of a deceased employee has a separate cause of action was expressly addressed by the Supreme Court of Oregon in the case of *Kilminster v. Day Management Corp.*, 323 Or. 618, 919 P.2d 474 (1996).

In *Kilminster*, the father of a deceased employee brought a deliberate intent cause of action against the employer on behalf of his son's estate.[6] The lower courts[7] rejected the claim in part because the workers' compensation statute did not expressly provide a cause of action for the estate of a decedent. The statute provided the following:

"If injury or death results to a worker from the deliberate intention of the employer of the worker to produce such injury or death, *the worker, the widow, widower, child or dependent* of the worker may take under this chapter, and also have cause for action against the employer, as if such statutes had not been passed, for damages over the amount payable under those statutes."

*Kilminster*, 323 Or. at 628, 919 P.2d at 480 (quoting Or.Rev.Stat. § 656.156(2)) (emphasis added). The Supreme Court reversed the ruling of the lower courts. In doing so, the opinion addressed the issue as follows:

Defendants argue, "[a]s a threshold matter, [that p]laintiff[] lack[s] standing to maintain a claim under" ORS 656.156(2), because that statute explicitly gives a right to bring an action under that subsection

---

5. I fully comprehend that some attorneys have not understood the application of W. Va.Code § 23–4–2(c) and have brought deliberate intent death actions only in the name of the estate of the decedent, even though others existed who had separate causes of action. *See e.g., Brooks v. Isinghood,* 213 W.Va. 675, 584 S.E.2d 531 (2003) (deliberate intent death action brought only in name of decedent's estate by widow); *Costilow v. Elkay Min. Co.,* 200 W.Va. 131, 488 S.E.2d 406 (1997) (same); *Dunn v. Consolidation Coal Co.,* 180 W.Va. 681, 379 S.E.2d 485 (1989) (same); *Chambers v. Sovereign Coal Corp.,* 170 W.Va. 537, 295 S.E.2d 28 (1982) (same). In fact, the original action filed in this matter was brought by Ms. Moschgat only on behalf of the decedent's estate.

The fact that some lawyers have not appreciated that W. Va.Code § 23–4–2(c) establishes four separate categories of persons who may bring an action for death or injury does not justify distorting the intent of the statute as the majority opinion has done.

6. The father also brought a statutory wrongful death claim on behalf of his son's estate, but that claim was rejected as being barred by the workers' compensation statute. Further, the father and his wife brought an individual cause of action under another legal theory that was rejected.

7. Oregon's court structure includes trial courts, a Court of Appeals and a Supreme Court.

only to the worker, widower, child, or dependent of the worker. Defendants reason that, because a personal representative is not in any of those listed categories, plaintiff may not maintain this action. That argument is not well taken.

Under ORS 656.156(2), in the event of a worker's death resulting from the employer's deliberate intention to produce such death, "the worker... may ... have cause for action against the employer, as if such [workers' compensation] statutes had not been passed, for damages over the amount payable under those statutes." That statute thus removes the bar that otherwise would prevent a worker from maintaining an action for damages against the employer, even though the worker is dead. Logically, the only party who can pursue that action, and thereby effectuate the substantive right afforded the deceased worker by ORS 656.156(2), is the worker's personal representative. Plaintiff is a person who may bring a claim, the bar to which has been removed by ORS 656.156(2), in the circumstances.

*Kilminster,* 323 Or. at 629, 919 P.2d at 480.

Until the decision in the instant case, the reasoning used in *Kilminster* was the basis for this Court's implicit recognition that the estate of a deceased employee had a separate cause of action against an employer. Under today's majority opinion, a representative of the employee's estate may bring a cause of action, but only on behalf of a widow/widower, child or dependent. In other words, the majority opinion has abolished a right granted to an employee to have a separate cause of action for his/her death through his/her estate. *See Zelenka v. City of Weirton,* 208 W.Va. 243, 249, 539 S.E.2d 750, 756 (2000) (Davis, J., concurring) (observing that the deliberate intent death action "was not filed in the circuit court by the spouse, children, or other dependents of the decedent[,] [because] the decedent[ ] did not have a spouse, child or any other dependents"). This unacceptable result was reached because the ma-

jority was determined to allow Ms. Savilla to stay in this case, even though she ultimately recovers nothing under the ill-advised majority opinion.[8]

In summation, under W. Va.Code § 23–4–2(c), if an employee sustains a nonfatal injury, a separate deliberate intent cause of action is provided for the employee, his/her spouse, child or dependent. Further, under the statute, if an employee dies, a separate deliberate intent cause of action has been reserved for the estate of the employee, his/her widow/widower, child or dependent.[9] In the context of a death claim, the estate of an employee is not authorized to bring a cause of action for a widow/widower, child or dependent. The latter three categories of plaintiffs have been given independent causes of action by W. Va.Code § 23–4–2(c).

## C. The Majority Opinion Violates Rule 17 of the West Virginia Rules of Civil Procedure

As I have previously pointed out, the majority opinion has effectively abolished the separate statutory cause of action granted to the estate of a decedent by W. Va.Code § 23–4–2(c). According to Syllabus point 3 of the majority opinion, the only "persons who can potentially recover 'deliberate intention' damages from a decedent's employer are the persons specified in W. Va.Code, 23–4–2(c) [2005]: the employee's widow, widower, child, or dependent of the employee." In addition to distorting W. Va.Code § 23–4–2(c) in order to abolish the separate rights of the estate of a deceased employee, the majority opinion also violates Rule 17 of the West Virginia Rules of Civil Procedure. The majority does so in syllabus point 2, wherein the majority opinion gave standing to "[a] personal representative who is not one of the statutorily-named beneficiaries of a deliberate intention cause of action ... to assert a deliberate intention claim against a decedent's employer on behalf of a person who has such a cause of action[.]"

Pursuant to West Virginia Rule of Civil Procedure 17(a), "[e]very action shall be

---

**8.** I would have affirmed the dismissal only because Ms. Savilla brought this action to recover damages under our wrongful death statute. She was not seeking a recovery that would have been distributed by the decedent's will or under our descent and distribution statutes.

**9.** Any recovery that is made by the estate of an employee is distributed according to his/her will or, where there is no will, in accordance with the laws of descent and distribution as set forth in W. Va.Code § 41–1–1, *et seq.*

prosecuted in the name of the real party in interest." In a commentary on Rule 17(a), the following was said:

> Justice Starcher articulated the purpose of Rule 17(a) in *Keesecker v. Bird*, [200 W.Va. 667, 490 S.E.2d 754 (1997)]. The opinion held that the purpose of the rule is to ensure that the party who asserts a cause of action possesses, under substantive law, the right sought to be enforced. Rule 17(a) allows circuit courts to hear only those suits brought by persons who possess the right to enforce a claim and who have a significant interest in the litigation. The requirement that claims be prosecuted only by a real party in interest enables a responding party (1) to avail him/herself of evidence and defenses that he/she has against the real party in interest, (2) to assure him/her of finality of judgment, and (3) to protect him/her from another suit later brought by the real party in interest on the same matter.

Franklin D. Cleckley, Robin J. Davis, and Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure*, § 17(a), at p. 528–29(2d ed.2006). It is clear from the text of Rule 17(a), and the purposes behind the rule, that the majority opinion is simply wrong in granting Ms. Savilla standing to assert a deliberate intent cause of action on behalf of Ms. Moschgat.[10]

Ms. Savilla initiated this litigation against Speedway with the hopes of recovering damages through our wrongful death statute. The majority opinion correctly closed that door. With that door being closed, under the majority opinion Ms. Savilla has absolutely no interest in the outcome of the litigation against Speedway. The majority has expressly stated that she cannot obtain any recovery from Speedway. In spite of this fact, the majority opinion nevertheless has permitted Ms. Savilla to continue the litigation against Speedway on behalf of Ms. Moschgat. This decision sets horrendous precedent.

There are three extreme scenarios that can result from the majority decision, all of which are present in the instant case. First,

the majority opinion now permits lawyers to intervene in a prior, validly commenced deliberate intent litigation on behalf of a client that has no interest in the litigation. Second, the opinion permits an intervenor to oust the only party who has an interest against an employer. Third, and most importantly, the majority opinion allows the intervenor to control the destiny of the litigation. This latter point is critical under the facts of the instant case because the record clearly demonstrates that Ms. Savilla is hostile towards Ms. Moschgat. This hostility may very well cause Ms. Savilla to adversely compromise the action in order to limit the amount of damages Ms. Moschgat could recover. Obviously, Ms. Savilla's counsel will attempt to prevent this. But, ultimately, the disposition of the claim is a decision to be made by the party bringing the action—not that party's attorney.

All three of the above-described extreme scenarios form part of the reason that Rule 17(a) requires litigation to be prosecuted by the real party in interest.

### D.  Ms. Moschgat has Settled her Claim against Speedway

The final point I wish to make in this dissent involves Ms. Moschgat's efforts to resolve the claim she filed against Speedway. The majority opinion, in an apologetic way, acknowledges that a settlement was reached by Ms. Moschgat in the claim she filed against Speedway. This settlement was contingent upon this Court affirming the dismissal of the claim brought by Ms. Savilla against Speedway. As a result of the majority's decision, the settlement has been removed from the table. Ms. Moschgat's potential recovery now rests in the hands of a plaintiff who does not want her to have a single penny.

One of the bedrock principles that permeates our civil litigation system is the lofty goal of encouraging parties to settle. Indeed, it has been recognized that "[t]he Supreme Court has made clear that the policy of the law is to encourage settlements." Cleckley et al., *Litigation Handbook*, § 16(a)(5), at p. 482. *See* Syl. pt. 1, *Sanders*

---

**10.** Obviously, Rule 17 recognizes situations where an action may be prosecuted by a representative of a real party in interest. However, the recognized exceptions do not encompass the amorphous creature created by the majority opinion.

*v. Roselawn Mem'l Gardens, Inc.*, 152 W.Va. 91, 159 S.E.2d 784 (1968) ("The law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation; and it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy."). Justice Albright expressed the great importance of settlement in *Riner v. Newbraugh*, 211 W.Va. 137, 141, 563 S.E.2d 802, 806 (2002), when he wrote that, "[i]n those instances where a settlement agreement was reached but not signed by the parties, the agreement may still be enforced provided the parties produce sufficient evidence concerning the attainment of an agreement and the mutually agreed upon terms of the agreement."

In the instant proceeding, the majority has destroyed our heretofore unbending commitment to encouraging and ratifying settlements. Speedway has attempted to buy its peace with Ms. Moschgat. In turn, Ms. Moschgat has accepted Speedway's offer to buy peace. There is nothing in the record to indicate that the conditional settlement agreement reached between Speedway and Ms. Moschgat is somehow unfair to either party. Even so, the majority opinion has destroyed that agreement and forced Speedway to endure a trial with a party who has absolutely no interest in the action against it. Where is the logic in this situation?

I have noted on several occasions that " '[w]isdom too often never comes, and so one ought not to reject it merely because it comes late.' " *Bass v. Rose*, 216 W.Va. 587, 593 n. 1, 609 S.E.2d 848, 854 n. 1 (2004) (Davis, J. dissenting) (quoting *Henslee v. Union Planters Nat'l Bank & Trust Co.*, 335 U.S. 595, 600, 69 S.Ct. 290, 293, 93 L.Ed. 259, 264 (1949) (per curiam) (Frankfurter, J., dissenting)). *Accord State v. Harris*, 207 W.Va. 275, 281 n. 1, 531 S.E.2d 340, 346 n. 1 (2000) (Davis, J., concurring). Because of the grave negative impact of the majority decision, I would urge the majority to reconsider the unwise precedent set out by its opinion.

For the reasons stated, I respectfully dissent. I am authorized to state that Justice Maynard joins me in this dissenting opinion.

ALBRIGHT, J., concurring:

(Filed Dec. 27, 2006)

I concur with this Court's opinion, and I write separately only to address matters raised by the dissent. The dissent concludes its first section with the statement that this Court's holding in *Collins v. Dravo Contracting Co.*, 114 W.Va. 229, 171 S.E. 757 (1933), was flatly wrong.[1] The dissent asserts, contrary to the holding in *Collins*, that a representative of the estate of a decedent is not authorized to bring a cause of action for a widow/widower, child, or dependent of that decedent.

The authority of a decedent's personal representative to assert a deliberate intention claim on behalf of the decedent's widow/widower, child, or dependent has been settled law in this State for over eighty years.[2] It is

---

**1.** The dissent erroneously suggests that the holding of *Collins*, as quoted in the majority opinion, is dicta. In *Collins*, however, the defendant contended that "no recovery can be had in this action by the administratrix" because the administratrix was neither the " 'widow, widower, child or dependent of the employee.' " 114 W.Va. at 235, 171 S.E. at 759. If such contention had been correct, this Court would have agreed with the defendant in *Collins*. However, this Court stated that the defendant's contention was erroneous and required the defendant to proceed to trial. Thus, the statement in *Collins* upon which the majority relies is not strictly dicta.

**2.** As evidence of such practice and understanding, a cursory search of this Court's opinions finds the following instances wherein personal representatives are named plaintiffs in deliberate intention actions resulting from the death of an employee: *Keesee v. General Refuse Service, Inc.*, 216 W.Va. 199, 604 S.E.2d 449 (2004); *Zelenka v. City of Weirton*, 208 W.Va. 243, 539 S.E.2d 750 (2000); *Mumaw v. U.S. Silica Co.*, 204 W.Va. 6, 511 S.E.2d 117 (1998); *Costilow v. Elkay Min. Co.*, 200 W.Va. 131, 488 S.E.2d 406 (1997); *Michael v. Marion County Bd. of Educ.*, 198 W.Va. 523, 482 S.E.2d 140 (1996); *Powroznik v. C. & W. Coal Co.*, 191 W.Va. 293, 445 S.E.2d 234 (1994); *Sias v. W–P Coal Co.*, 185 W.Va. 569, 408 S.E.2d 321 (1991); *Dunn v. Consolidation Coal Co.*, 180 W.Va. 681, 379 S.E.2d 485 (1989); *Cline v. Jumacris Min. Co.*, 177 W.Va. 589, 355 S.E.2d 378 (1987); *Duty v. Walker*, 180 W.Va. 149, 375 S.E.2d 781 (1988); *Mooney v. Eastern Associated Coal Corp.*, 174 W.Va. 350, 326 S.E.2d 427 (1984); *Chambers v. Sovereign Coal Corp.*, 170 W.Va. 537, 295 S.E.2d 28 (1982); *Maynard v. Island Creek Coal Co.*, 115 W.Va. 249, 175 S.E. 70 (1934).

therefore disingenuous for the dissent to accuse the majority of distorting the law when the majority is actually applying settled West Virginia law.

The dissent also suggests that the statutory provision for recovery by an employee in a deliberate intention case permits the recovery by the estate of that employee. The dissent suggests that the majority opinion has destroyed this right, but cites no instance in which such right has actually been recognized in West Virginia. The infirmity in the dissent's reading of the statute is illustrated by the following example: if an employee leaves his or her estate to a church, under the dissent's clearly expressed view, the church could collect deliberate intention damages.

That dissent also chastises the majority for permitting Ms. Savilla, as an intervenor, to oust Ms. Mosghat, the only party who had a claim for damages against Speedway. It is somewhat ironic to note, however, that the dissenting justices voted to refuse Ms. Mosghat's petition to appeal the circuit court's ouster of Ms. Mosghat.[3] Moreover, despite the dissent's utterances to the contrary, nothing in this Court's majority opinion has precluded Ms. Mosghat from separately compromising her particular claim against Speedway. This Court simply affirms West Virginia law that any such compromise must occur in the broader context of the ongoing litigation, with due regard to the governing settled law.

---

**3.** With the benefit of hindsight, it appears that this Court made a mistake in allowing the lower court's substitution of personal representatives. One error by this Court, however, certainly does not justify another error, the improper tampering with settled law governing personal representatives and their management of wrongful death litigation that the dissent would propose.